## STATE v. ED WHITTLE.

(Filed 9 May, 1928.)

**Trial—Verdict—Jury.**

When it is made to appear that a jury does not understand, at the time of its rendition of the verdict, instructions given them, it is not error for the trial court to further instruct them and have them again retire for deliberation, and when this is done, a judgment on the verdict is not erroneous.

APPEAL by defendant from *Schenck, J.,* at November Term, 1927, of CATAWBA. No error.

STATE *v.* RAY.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*W. A. Self for defendant.*

PER CURIAM.  The defendant was convicted on the third count in the indictment which charged him with the unlawful possession of liquor for beverage purposes.  As stated in appellant's brief the principal question presented is whether the verdict finally received by the court is sufficiently certain in substance as well as in form to warrant the court in proceeding to judgment.  The jury came into court and, upon being asked whether they had reached a verdict, one of them replied they had—"Guilty on the first count."  Another juror remarked, "That means whiskey in the house, doesn't it?" and the court replied "No, the court specifically charged you that you should not take into consideration the whiskey in the house, but only such whiskey as may have been found in the pasture."  The juror replied, "We didn't so understand it."  The jury were then directed to retire and make up their verdict, and were specifically instructed to say whether the defendant was guilty or not guilty.  In forty-five minutes they returned and rendered the verdict appearing of record.  It is evident that when the jury first came into court they attempted to return a verdict which had been made up under a misconception of the judge's instruction, and it was the duty of the judge to have them retire and return a verdict in accordance with the evidence and the instructions of the court.  This was done, and we are unable to see why the verdict last returned is not sufficient, both in substance and in form.  We find

No error.