STATE v. MARK HARGETT.

(Filed 6 March, 1929.)

**1. Criminal Law—Trial—Verdict.**

It is the duty of the trial judge to see that the verdict of the jury is correctly received by the court, and where in a criminal action the jury has come back into court with their verdict and upon the announcement of a certain verdict by the foreman several of the jurors have con-

tradicted it as the one agreed upon, it is correct for the court, before finally accepting it and before it is recorded, to have the jury again retire, and upon their reaching a different verdict to accept it and have it recorded as the verdict in the case.

**2. Criminal Law—Motion in Arrest of Judgment for Irregularities in Rendition of Verdict.**

Where in a criminal action the judge has properly accepted as final a verdict of the jury returned after a retirement for a second time, the defendant may not acquiesce in this course and then object to a judgment under the later and more severe verdict, and his motion in arrest of judgment on that ground will be denied.

APPEAL by defendant from *Nunn, J.,* at December Term, 1928, of GREENE. No error.

Indictment for burglary. Verdict: Guilty of breaking into or entering the dwelling-house of another otherwise than burglariously, with intent to commit a felony therein. C. S., 4235.

From judgment on the verdict that defendant be confined in the State's prison for the term of ten years, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. Paul Frizzelle for defendant.*

CONNOR, J. On his appeal to this Court defendant has abandoned his assignment of error based on his exception to the refusal of the trial court to allow his motion for judgment as of nonsuit. C. S., 4643. After taking said exception, defendant offered evidence in support of his defense. He did not renew his motion at the close of all the evidence. The exception was therefore waived, and in no event could it have been considered by this Court. *S. v. Helms,* 181 N. C., 566, 107 S. E., 228.

The evidence was properly submitted to the jury. It tended to show that during the night of 11 August, 1928, the defendant entered the dwelling-house of Mark Edwards, in Greene County, through a window opening into the dining-room. He raised the window for this purpose. After entering the house, he went into the room in which the fourteen-year-old daughter of Mark Edwards was sleeping on a pallet. She was awakened by defendant and screamed. She struck defendant in the face, and then ran into the room in which her mother was sleeping. Defendant then ran into the kitchen, and thence made his escape. He was apprehended the next day, and when taken into the presence of the girl was identified by her as the man who had entered the house. She had known the defendant for several weeks, and had seen him a few days before he entered the house, when her father had a business transaction with him.

There was no exception to instructions given by the court in the charge to the jury. The defense was an alibi. The court instructed the jury that under the indictment upon which defendant was being tried, they could return one of four verdicts: (1) Guilty of burglary in the first degree; (2) guilty of breaking into or entering the dwelling-house of another otherwise than burglariously with intent to commit a felony therein; (3) guilty of an attempt to commit the crime of larceny; or (4) not guilty. C. S., 4640. *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617; *S. v. Williams,* 185 N. C., 685, 116 S. E., 736.

After the jury had retired to their room and considered the case for some time, they indicated to the court that they were ready to return their verdict. When they came into the court room, they announced that they had agreed upon a verdict. In response to the court's inquiry, their foreman stated that the jury found defendant guilty of an attempt to commit the crime of larceny. The court directed the clerk to enter this as the verdict, but before the clerk had entered the verdict, the court was informed by several of the jurors that their foreman had not returned the verdict as agreed upon by the jurors. The court thereupon instructed the clerk not to enter the verdict, and after repeating his instructions to the jury with respect to the verdict which they could return, under the indictment, directed the jury to retire and again consider the case. When the jury returned into the court room a second time, they rendered the verdict, which was accepted by the court and recorded by the clerk.

Upon the return of the verdict, to wit: "Guilty of breaking into or entering the dwelling-house of another otherwise than burglariously with intent to commit a felony therein," the defendant moved in arrest of judgment for that the jury had returned a verdict of "Guilty of an attempt to commit the crime of larceny," and that said verdict had been received by the court, and the clerk had been directed to enter the same as the verdict of the jury. The motion was overruled, and defendant excepted. The only assignment of error, other than that based upon an exception to the judgment, is based upon this exception. It cannot be sustained.

It has been held by this Court that a verdict of "Not Guilty" rendered by a jury properly sworn and empaneled, to try a criminal action, cannot be set aside or materially altered by the trial judge, to the prejudice of the defendant, after the same has been finally received by the court and duly recorded by the clerk. *S. v. Craig,* 176 N. C., 740, 97 S. E., 400. This principle, however, has no application to the instant case, upon the facts found by the judge and set out in the record. The verdict first tendered by the foreman of the jury was not finally accepted by the court or recorded by the clerk. Upon being informed by the jurors or

some of them, that their foreman was in error, and that the verdict as returned by him was not the verdict agreed upon by the jury, the court properly declined to accept the same. There was no error in directing the jury to return to their room and to further consider the case. *S. v. Whittle,* 195 N. C., 618, 143 S. E., 1. Defendant did not except to this action on the part of the court, but took his chances upon a more favorable verdict. He cannot justly complain because the verdict as finally received and recorded was less favorable than the verdict first tendered, and which the court found was not the verdict of the jury. It was manifestly the duty of the court to see that the verdict recorded was the verdict of the jury in the case. There was no error in the refusal of the court to allow the motion in arrest of the judgment. The judgment is affirmed. It is supported by the verdict, returned by the jury and finally accepted by the court, and recorded by the clerk.

No error.