## STATE v. HAMPTON R. LAKEY.

(Filed 20 June, 1967.)

**1. Burglary and Unlawful Breakings § 4—**

Evidence that a specified building was feloniously broken and entered and a safe located therein damaged, with testimony of an eyewitness that he saw defendant running from the vicinity of the building shortly after a police car arrived on the premises, and that the fingerprints of another who was seen by another witness running from the vicinity of the building at the same time were found on defendant's automobile, *held* sufficient to overrule defendant's motion for nonsuit.

**2. Criminal Law § 101—**

If there is circumstantial evidence tending to prove each essential element of the offense charged as a logical and legitimate deduction, it is sufficient to be submitted to the jury.

**3. Criminal Law § 33—**

The State's evidence tended to show the felonious breaking and entering of a building, and that defendant was seen running from the vicinity of the building shortly after a police car arrived on the premises. Another witness at a different vantage point testified that he saw an escapee running from the vicinity of the building and there was testimony that the escapee's fingerprints were found on defendant's parked car. *Held:* It was competent for the State to show as relevant circumstances that the escapee was seen running from the building and that his fingerprints were found on defendant's parked car.

APPEAL by defendant from *Hobgood, J.,* November 1966 Criminal Session of CHATHAM.

. Defendant, along with one Douglas Brady, was charged in a bill of indictment with attempting to force open a safe by the use of tools, and by separate bill of indictment defendant, along with Douglas Brady, was charged with felonious breaking and entering. The evidence for the State was substantially as follows:

John Talton Crutchfield testified that he was the manager of Central Carolina Farmers Cooperative, a corporation owned by the people who buy from and sell to it. The corporation owns a building in Pittsboro. On 12 August 1966 at closing time he locked the office, display room, and outer building doors. In response to a call received by him, he returned to the building around 4:00 A.M. and found that the outer door on the south side of the building had been pried open, that the office safe had marks on the back side of the hinges, and the dial of the safe was sprung so that the safe could not be opened.

Reese Coble testified that he was a police officer for the Town of Pittsboro on 13 August 1966, and in response to a call from the jail, he went to Central Carolina Farmers Exchange building around

3:50 A.M. He drove up to the premises with his car lights off and sat there for several minutes. When he turned his lights on and started to back up, he noticed a man running from the vicinity of the building. Mr. Coble identified this man as Douglas Brady. He further testified that Sam Polston's house is situated approximately 250 feet from the building, and that a mercury vapor light, which gives adequate light, is situated between the two buildings.

Sam Polston testified that on 12 and 13 August 1966 he was living in a house a short distance from Central Carolina Farmers Exchange. During the early morning of the 13th he heard banging and knocking noises coming from the direction of the company building. He twice called and reported this to the jail and then went outside and stood under a tree in his mother's yard. "Pretty quick after I called the jail again a car pulled up in front of Farmers Exchange and I saw a man coming running across the Farmers Exchange yard. . . . I saw him full face. . . . Mr. Lakey the defendant is the man I saw. . . . Mr. Lakey come across the back of the Farmers Exchange yard." He further stated that he was able to see defendant because defendant ran under the vapor light and looked straight at the witness.

Sheriff John Emerson, Jr., testified that he investigated the premises of Central Carolina Farmers Exchange on the morning of 13 August 1966 and observed that an outer door to the building had been forced open and the door lock was sprung. Later that morning defendant Lakey's automobile was found parked approximately three miles by road, and approximately one mile by railroad tracks, from Central Carolina Farmers Exchange. The car was fingerprinted, and the prints of Douglas Brady, an escapee, were found on the car.

Other evidence offered by the State is not pertinent to this opinion. The defendant offered no evidence.

The jury returned a verdict of guilty of felonious breaking and entering and safe robbery. Upon motion of defendant, the verdict was set aside as to safe robbery. On the verdict of guilty of felonious breaking and entering, the court entered judgment confining defendant to the State's Prison for a term of not less than five nor more than seven years. Defendant appealed.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Buford T. Henderson for defendant.*

PER CURIAM. Defendant contends the trial court erred in denying his motion for judgment of nonsuit. The State relies on circumstantial evidence to prove there was a felonious breaking and enter-

ing by defendant. There was sufficient evidence to show that the building of Central Carolina Farmers Exchange was feloniously broken and entered on the morning of 13 August 1966, and that the safe located therein was damaged. There was also ample evidence to identify defendant and one Douglas Brady as the persons seen running across the premises from the direction of the building shortly after a witness had heard banging and knocking noises coming from the direction of the building and a few minutes after a police car drove on the premises. Further, there was evidence that Brady's fingerprints were found on defendant's parked automobile.

These facts present substantial evidence of all the material elements of felonious breaking and entering. " 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss." *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431; *State v. Thompson,* 256 N.C. 593, 124 S.E. 2d 728.

Defendant further contends the trial court erred in admitting evidence that Douglas Brady was seen running from the building that had been broken and entered, and that his fingerprints were found on defendant's parked automobile. These were circumstances calculated to throw light upon the supposed crime, and their introduction into evidence was permissible. *State v. Payne,* 213 N.C. 719, 197 S.E. 573.

We have carefully examined all other exceptions and find no reversible error.

No error.