STATE OF NORTH CAROLINA v. HENRY LEE HUNT

No. 7216SC275

(Filed 29 March 1972)

**Burglary and Unlawful Breakings § 5— breaking and entering — intent to commit larceny — sufficiency of evidence**

The State's evidence was sufficient to support findings by the jury that defendant was the person who broke into and entered a building, and that he intended to commit larceny therein, notwithstanding no property was taken, where it tended to show that police officers went to a place of business shortly after midnight in response to a burglar alarm, that a door of the building had been prized open, that officers heard footsteps in the back of the building and observed a door in the building being closed, that officers heard someone on the roof and observed that a skylight had been removed, that an officer outside the building observed defendant on the roof and observed him slide down a rain gutter from the top of the building, and that officers found defendant in a trash can receptacle behind an adjoining service station.

ON *certiorari* to review judgment entered by *Canaday, Judge,* at the 4 January 1971 Session, ROBESON Superior Court.

The defendant was tried on a bill of indictment in proper form charging felonious breaking and entering the building occupied by Lumberton Trading Company, Inc. with the intent to commit larceny. To the charge the defendant entered a plea of not guilty. The jury found him guilty as charged and Judge Canaday imposed a sentence of not less than eight nor more than ten years.

We granted certiorari to review the trial in lieu of an appeal.

*Attorney General Robert Morgan by Assistant Atorney General R. S. Weathers for the State.*

*Neill A. Jennings, Jr., for defendant appellant.*

CAMPBELL, Judge.

The only question presented is whether or not the evidence was sufficient to require submission to the jury. In this situation the evidence must be considered in the light most favorable to the State, and the State must be given the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom. Only the evidence favorable to the State is considered and contradictions and discrepancies even in the State's evidence are matters for the jury and do not warrant nonsuit. *State v. Murphy*, 280 N.C. 1, 184 S.E. 2d 845 (1971).

Applying this rule the evidence on behalf of the State can be summarized as follows:

On the night of 26 September 1968, five police officers of Lumberton went to the place of business of Lumberton Trading Company in answer to a burglary alarm. They arrived shortly after midnight and observed the door on the south side of the building had been prized open. Two of the officers, together with a representative of the company, entered the building. While inside they heard running footsteps in the back of the building and observed a door, separating two sections of the building, being closed. On obtaining entry into the rear section of the building, they heard someone on the roof and observed that a skylight had been removed. Another police officer on the outside of the building observed the defendant on the roof of the building and observed him slide down a rain gutter from the top of the building. The defendant was about 30 feet away at the time. The rain gutter was of galvanized metal approximately 6 inches square and came down from the roof at a 45 degree angle. Officers proceeded to search the area and behind an adjoining service station there was a metal trash can receptacle. In this trash can receptacle behind two trash barrels the defendant was found lying on the ground.

We are of the opinion that this evidence was sufficient to submit to the jury and that the defendant was the person who forcibly entered the building by prizing open a door and was the person heard running in the building and on top of the building. With regard to the intent to commit larceny, the following excerpt from *State v. McBryde*, 97 N.C. 393, 1 S.E. 925 (1887) quoted with approval in *State v. Accor*, 277 N.C. 65, 175 S.E. 2d 583 (1970) is applicable.

" 'The intelligent mind will take cognizance of the fact, that people do not usually enter the dwellings of others in the nighttime, when the inmates are asleep, with innocent intent. The most usual intent is to steal, and when there is no explanation or evidence of a different intent, the ordinary mind will infer this also. The fact of the entry alone, in the nighttime, accompanied by flight when discovered, is some evidence of guilt, and in the absence of any other proof, or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent. Here there was no larceny or other felony actually committed, and the guilt, if any, consisted in the *intent* to commit a felony, which was not consummated.' "

We hold the evidence was sufficient for submission to the jury upon the allegations contained in the indictment, and that it was for the jury to determine, under all the circumstances, whether the defendant had the ulterior criminal intent at the time of breaking and entering to commit the felony charged in the indictment.

No error.

Judges BRITT and GRAHAM concur.