STATE OF NORTH CAROLINA v. DARRELL LYNN HOLLIS

No. 7719SC411

(Filed 7 December 1977)

**Burglary and Unlawful Breakings § 5.5— breaking and entering school—sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for breaking and entering a high school where it tended to show that someone broke a window and entered the school with the intent to take money from vending machines; defendant was seen running away from the school at about the same time the breaking was discovered; and defendant was carrying fifteen quarters in his hat when he was apprehended.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 6 January 1977 in Superior Court, CABARRUS County. Heard in the Court of Appeals 17 October 1977.

Darrell Hollis was indicted for breaking and entering A. L. Brown High School with intent to commit larceny and for larceny of $4.00 belonging to the Kannapolis City Schools.

Witnesses testified that the silent alarm system at the school went off at 12:42 a.m., 19 November 1976, for the second time that evening. An assistant principal and several Kannapolis Police officers were summoned to the school where they found 3 broken windows, one of which was large enough for a person to crawl through. They found that two vending machines had been forcibly entered and the coins removed. The damage to the machines occurred sometime after 11:45 p.m. that night when the officers had answered the earlier alarm.

Sgt. Armstrong of the Cabarrus County Sheriff's Department testified that he returned to his home across the street from the high school at about 12:30 a.m. to find guests there. A few minutes later as he stood on his porch to see them off, he saw the police cars responding to the alarm. As he watched, he saw a small figure run away from the shrubbery around the school building, across the street, and into the woods. This individual was wearing a hooded sweat shirt and light blue dungarees. The officer telephoned the Kannapolis Police Department and reported what he had seen. Two officers were sent to the other side of the woods where they apprehended Hollis who was wearing

a hooded sweat shirt and blue jeans. He had 15 quarters inside a ski cap, and a crowbar was found near him in the woods.

The defendant's evidence showed that he had won about $3.00 in coins playing cards early that afternoon and that he had gotten 4 quarters from his mother as change about 3:00 p.m. Between 11:00 p.m. and midnight he left with another man to go to the Eagle Lounge in Rowan County. The defendant testified that he stayed at the Eagle 40-50 minutes and decided to walk to another club which lay on the other side of the high school. He still had over $4.00 in change in his pockets.

The defendant was convicted of breaking and entering and felonious larceny. The verdict of guilty of larceny was set aside, and the charges were dismissed. He was sentenced to 7 years for the breaking and entering conviction.

*Attorney General Edmisten, by Associate Attorney Leigh Emerson Koman, for the State.*

*Spence & Harris, by Larry E. Harris, for defendant appellant.*

VAUGHN, Judge.

Defendant comes before us with a single assignment of error, alleging that there was not sufficient evidence to raise a jury question on the charge of breaking and entering. The test for sufficiency of evidence, whether circumstantial or direct, is whether a reasonable inference of defendant's guilt may be drawn from the circumstances viewed most favorably to the State. If such an inference may be drawn, the weight of that inference is for the jury to consider. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971).

There is evidence in the case which tends to show that someone broke a window and entered A. L. Brown High School with the intent to take money from the vending machines on the third floor. There is also evidence from which a jury could find that Hollis did so. Sgt. Armstrong's testimony placed him running away from the school at about the same time the breaking was discovered. This evidence raises an inference that he was involved in the breaking. In a per curiam opinion, the Supreme Court held in *State v. Lakey*, 270 N.C. 786, 154 S.E. 2d 900 (1967),

that identification of defendants as the men seen running from the vicinity of a business in which a safe had been tampered with was sufficient to take the case to the jury on breaking and entering.

There is, in addition, the uncontradicted evidence that Hollis was carrying fifteen quarters in his hat when he was apprehended. When coupled with the evidence that vending machines were broken into inside the school, this testimony also supports the inference that Hollis broke into the building. The evidence was sufficient to go to the jury on a breaking and entering in *State v. Solomon*, 24 N.C. App. 527, 211 S.E. 2d 478 (1975), where the defendant was found about 2 miles away on the afternoon of the breaking. When accosted, he attempted to hide $9.02 in coins including a penny with file marks. Coins including a penny with file marks had been stolen from the house.

While no case should go to the jury when there is only a conjecture as to the defendant's identification as the perpetrator of the offense, *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977), there is adequate evidence here to support the verdict. Contradictions in the evidence were properly resolved by the jury as it weighed the evidence and assessed its credibility.

Affirmed.

Judges MORRIS and CLARK concur.