STATE OF NORTH CAROLINA v. RUSSELL NATHANIEL COCHRAN

No. 7726SC786

(Filed 18 April 1978)

**Burglary and Unlawful Breakings § 5.8— breaking and entering—intent to commit larceny—sufficiency of evidence**

The evidence was sufficient to support an inference that a breaking and entering was with an intent to commit larceny where it tended to show that

defendant and a companion discussed breaking into a dwelling; defendant acted as a lookout while his companion pushed in the glass on a door of the dwelling and reached in to unlock the door; and only the sounding of a burglar alarm caused defendant and his companion to leave the scene.

APPEAL by defendant from *Baley, Judge.* Judgment entered 12 July 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 January 1978.

Defendant was charged in a bill of indictment with feloniously breaking and entering a building occupied by Douglas M. Bostic with intent to commit the felony of larceny therein. Defendant entered a plea of not guilty. Evidence for the State, which must be taken as true in ruling on a motion for judgment as of nonsuit, is summarized below.

Douglas Bostic, resident of Mecklenburg County, turned on his burglar alarm when he left home at approximately 7:00 a.m. 16 December 1976. A neighbor heard the alarm go off about 1:00 p.m. that day and called the police. One of the back doors had a panel pushed out. Shortly after the alarm was heard, witnesses observed a white 1969 Chevrolet station wagon with two C.B. radio antennae near the house.

The same day Officer D. R. McCrary stopped a car answering that description. Defendant was in the back seat of the car when it was stopped, and there were three other occupants. In response to questioning, defendant stated that he and Miller were involved in the break-in and that the other two passengers were not involved. Miller actually broke in while he (Cochran) was the lookout man. Defendant later signed a written statement. The statement revealed that he and Miller were looking for a Christmas tree when they began discussing the break-in. He watched while Miller pushed in the glass and reached in to unlock the door. When the burglar alarm went off, they ran.

*Attorney General Edmisten by Assistant Attorney General William B. Ray, for the State.*

*Paul J. Williams for the defendant appellant.*

MORRIS, Judge.

Defendant contends that the trial court erred in denying his motion for judgment as of nonsuit as to felonious breaking and

entering because there was insufficient evidence of intent to commit larceny. In ruling on a motion to nonsuit the court is to consider evidence in the light most favorable to the State and give the State the benefit of every reasonable inference. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974). If there is more than a scintilla of competent evidence to support the allegations of the indictment, the court must submit the case to the jury. *State v. Jenkins*, 1 N.C. App. 223, 161 S.E. 2d 45 (1968). Thus, defendant's motion for judgment as of nonsuit was properly denied if, giving the State benefit of every reasonable inference, there was more than a scintilla of evidence of an intent to commit larceny.

Everyone who enters into a common plan is equally guilty whether he actually commits the acts or merely stands by with the intent to lend his aid if his aid becomes necessary. *See State v. Rankin*, 284 N.C. 219, 200 S.E. 2d 182 (1973); *State v. Lovelace*, 272 N.C. 496, 158 S.E. 2d 624 (1968). Here there was evidence of a common design or plan. The defendant admitted on the stand that he and Miller discussed breaking into the house. Both his oral and written statements to the police revealed that he functioned as the lookout man. The defendant's role was, therefore, an integral part of the common design.

It is obvious that intent ordinarily must be proved by circumstances, acts, and conduct. *State v. Accor*, 277 N.C. 65, 175 S.E. 2d 583 (1970); *State v. Bronson*, 10 N.C. App. 638, 179 S.E. 2d 823 (1971). This Court, as well as our Supreme Court, has held that in absence of any other proof or evidence of lawful intent, one can reasonably infer an intent to commit larceny from an unlawful entry into another's dwelling in the nighttime. *State v. Redmond*, 14 N.C. App. 585, 188 S.E. 2d 725 (1972). *See also State v. Accor*, *supra*. We see no logical reason to make any distinction when the breaking and entering is in the daytime. In this case, there was an unlawful entry into another's dwelling, and there was no showing of any lawful motive. By defendant's own statement, the sounding of the burglar alarm was the only thing which deterred them. These facts, without more, produce the reasonable inference of an intent to commit larceny. That inference was sufficient to carry the case to the jury.

We, therefore, conclude that defendant's contention is without merit. In the denial of defendant's motion we find

No error.

Judges VAUGHN and ERWIN concur.