STATE OF NORTH CAROLINA v. TERRY RAY HILL

No. 785SC320

(Filed 19 September 1978)

1. **Burglary and Unlawful Breakings § 5.6— breaking and entering—inference of intent to commit larceny**

    The jury could properly find that defendant broke into and entered a building with the intent to commit larceny therein, although no property was actually taken, where the evidence tended to show that a forcible entry was made into the building through the front door, the owner of the building blocked the front door with his car, and defendant fled from the building through a skylight while officers were at the back of the building, and there was no evidence of a lawful intent.

2. **Criminal Law § 122.1— jury's request for additional instructions—sufficiency of court's inquiry**

    In a prosecution for felonious breaking or entering and resisting arrest, the trial judge made a sufficient inquiry into the jury's request for further instructions where the jury requested the court to "enumerate the four charges again," the jury answered negatively when the court asked whether the jury wanted further instructions on the elements of resisting arrest, the jury answered positively when the court asked whether the question was what the

jury could find defendant guilty or not guilty of, the court then enumerated the jury's possible verdicts, and the jury asked no further questions but retired and returned the verdict in 15 minutes.

**3. Arrest and Bail § 6.2— resisting arrest—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for resisting arrest where it tended to show that when defendant was apprehended by officers while fleeing from the scene of a breaking and entering, he pulled away and struggled and had to be restrained while the officers handcuffed him.

APPEAL by defendant from *Webb, Judge.* Judgment entered 6 December 1977, in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 21 August 1978.

Defendant was indicted and tried for breaking or entering, larceny and receiving, and for resisting arrest. The assignments of error on appeal go to the sufficiency of the evidence to show intent to commit larceny inside the building, the adequacy of the judge's inquiry into the jury's request for further instructions, and the sufficiency of the evidence to support a conviction for resisting arrest.

The State presented evidence that at about 7:30 on the evening of 13 May 1977, Charles G. Mullins, the owner of Mullins Plant Food Laboratories, approached the plant and found that the fence was locked but the outside light was on, which he considered unusual. A white male fitting the general description of the defendant and unknown to Mr. Mullins looked out through a partially opened door. Noting that the striker plate on the door had been torn off, Mr. Mullins blocked the door with his car so the person inside could not escape and went next door to have the Sheriff called.

Mr. Mullins kept the intruder inside until two deputies arrived. While Mr. Mullins was being questioned by them at the back of the building there was a thump at the front of the building and a white male was seen running away from the building towards the woods. The deputies fired warning shots into the air and called to the man to stop as they chased him approximately a quarter mile into the swamp. There he became stuck and they were able to catch up with him. The deputies, both in uniform, placed him under arrest and restrained him as he struggled and tried to pull away and go forward into the swamp. Deputy Long testified that

State v. Hill

he assisted Deputy Dietz in handcuffing defendant because "defendant was struggling . . . and I saw [Dietz] was having a problem," and that they had a hard time getting defendant out of the woods.

A search at the time of arrest revealed a lock, a wrench and two screwdrivers in defendant's back pocket, and a large folding knife in his front pocket. Nothing was found to be missing inside the building, but a table had been moved underneath a skylight, the skylight had been broken, and a fire extinguisher had been removed from its wall rack.

Defendant testified that he never entered the building, but was brought to the site by a man driving a white 1959 or 1960 Chevrolet, and that the man picked him up when he was hitchhiking home after his car broke down. The tools and knife found in his pockets were those he used at work. He testified that he remained standing outside the building as Mr. Mullins ran by him three times at a distance of five feet. When he saw the deputies with their revolvers drawn he was scared and ran through the woods toward his home.

On redirect, Mr. Mullins testified that there was no white car parked in front of the building when he pulled up, and that he did not see defendant standing where defendant testified he had been. Deputy Dietz also testified that he saw no white Chevrolet at the building, and none was found in the immediate area.

The parties stipulated that samples of fiberglass taken from defendant's shirt were shown by analysis to match in color refractive index and dispersion the fiberglass samples taken from the broken skylight.

Defendant was found guilty of felonious breaking or entering and of resisting arrest, and was sentenced to 5 years on the breaking or entering conviction and 6 months for resisting arrest, to run concurrently. Defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Norman M. York, Jr., for the State.*

*George H. Sperry for defendant appellant.*

ARNOLD, Judge.

**[1]**  Defendant first contends that the trial court erred in failing to dismiss the charge of felonious breaking or entering, and in charging the jury as to his intent to commit larceny. We disagree.

N.C.G.S. § 14-54 makes it a crime to break or enter any building "with intent to commit . . . larceny therein." An essential element of the crime is that the intent exist at the time of the breaking or entering. Defendant argues that the evidence, considered as it must be in the light most favorable to the State, *State v. Murphy*, 280 N.C. 1, 184 S.E. 2d 845 (1971), is not sufficient to show his intent to commit larceny inside the building.

Defendant relies on *State v. Cochran*, 36 N.C. App. 143, 242 S.E. 2d 896 (1978), for the proposition that intent must be proved by acts or conduct. However, the "conduct" in *Cochran* was a later written statement by defendant that "he and Miller were looking for a Christmas tree when they began discussing the break-in." *Supra* at 897. The court makes no reference to that statement in reaching its decision, but instead follows the settled rule that "in absence of any other proof or evidence of lawful intent, one can reasonably infer an intent to commit larceny from an unlawful entry . . . in the nighttime." *Supra* at 897. *See also State v. Accor*, 277 N.C. 65, 175 S.E. 2d 583 (1970); *State v. Redmond*, 14 N.C. App. 585, 188 S.E. 2d 725 (1972). This Court in *Cochran* makes clear that such inferred intent is sufficient to avoid dismissal: "In this case, there was an unlawful entry . . . , and there was no showing of any lawful motive. . . . These facts, without more, produce the reasonable inference of an intent to commit larceny. That inference was sufficient to carry the case to the jury." *Supra* at 897.

A number of other North Carolina cases with facts similar to the instant case reach the same conclusion. In *State v. Lakey*, 270 N.C. 786, 154 S.E. 2d 900 (1967), and *State v. Hunt*, 14 N.C. App. 157, 187 S.E. 2d 366 (1972), the respective defendants were seen running from buildings which had been broken into, but from which it appears nothing was taken. In both cases the evidence was sufficient to go to the jury. *Accord, State v. Oakley*, 210 N.C. 206, 186 S.E. 244 (1936); *State v. Hargett*, 196 N.C. 692, 146 S.E. 801 (1929).

The fact that the evidence is circumstantial does not make it insufficient. *State v. Oakley, supra* at 210 ("The evidence in the present case is circumstantial, although sufficient to be submitted to a jury."). "Intent . . . is a mental attitude, which seldom can be proved by direct evidence, but must ordinarily be proved by circumstances from which it may be inferred; . . . the jury may consider the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense charged." 4 Strong, N.C. Index 3d, Criminal Law, § 2, p. 34. The test for going to the jury on circumstantial evidence is "whether there is substantial evidence against the accused of every essential element that goes to make up the offense charged." *State v. Stephens*, 244 N.C. 380, 383, 93 S.E. 2d 431, 433 (1956). That evidence of every material element is present here.

[2] Defendant also assigns error to the judge's response to a jury request for further instructions. After the charge to the jury the following took place:

> JUROR NO. ONE: Your Honor, can you enumerate the four charges again, please?

> COURT: You mean the four things that is [sic] necessary for you to be satisfied of beyond a reasonable doubt in order to find the defendant guilty of resisting arrest?

> JUROR NO. ONE: No. The whole thing.

At this point the judge called the lunch recess, after which the interchange continued:

> COURT: Now, Ladies and Gentlemen, . . . [i]s the question 'What you may find the defendant guilty or not guilty of?'

> JUROR NO. ONE: Yes, sir. The four things, two or three words each.

The judge then enumerated the jury's possible findings: guilty of felonious breaking or entering, or guilty of non-felonious breaking or entering, or not guilty of breaking or entering; also, guilty or not guilty of resisting arrest.

Counsel for defendant argues that the judge did not inquire sufficiently into the precise matters about which the jury was confused. We disagree again. The judge asked whether the jury

wanted further instruction on resisting arrest and was told, "No. The whole thing." Then after the lunch recess the judge inquired whether the question was "What you may find the defendant guilty or not guilty of?" and was answered "Yes." After the judge's re-enumeration of the possible verdicts the jury asked no further questions but retired and returned a verdict after 15 minutes. We agree with the State's contention that these were actions of a jury that was not confused, and we find that the judge sufficiently inquired into the jury's request for further instructions.

[3]   Defendant finally contends that the charge of resisting arrest should have been dismissed for lack of sufficient evidence, arguing that there was evidence of flight but not of resisting. However, both deputies testified for the State that defendant was pulling away and struggling and had to be restrained while they handcuffed him. This was sufficient evidence to go to the jury. *See State v. Fuller,* 24 N.C. App. 38, 40, 209 S.E. 2d 805, 806 (1974) (sufficient evidence to go to the jury on resisting arrest where defendant "had run . . . and actively resisted the officer's attempt to handcuff him").

Having reviewed all of defendant's assignments of error we hold that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge HEDRICK concur.