STATE OF NORTH CAROLINA v. GERALD THOMAS EVANS

No. 8926SC812

(Filed 19 June 1990)

1. Burglary and Unlawful Breakings § 5.1 (NCI3d) — fingerprints — sufficiency of evidence

In a prosecution of defendant for breaking and entering and larceny, fingerprint evidence was sufficient to be submitted to the jury where it tended to show that the only finger-

STATE v. EVANS

[99 N.C. App. 88 (1990)]

prints located on the exterior of the apartment broken into were defendant's; prior to the breaking and entering the window on which the prints were found had been covered with a window screen; defendant's thumbprint was found on a piece of glass from the broken pane through which the perpetrator reached to unlock the window; and this evidence was substantial evidence that the fingerprints were impressed contemporaneously with the break-in.

**Am Jur 2d, Burglary § 45.**

2. **Burglary and Unlawful Breakings § 5.6 (NCI3d)— felonious breaking—entry thwarted—sufficiency of evidence**

In a prosecution of defendant for felonious breaking, the evidence was sufficient to prove that defendant had the intent to commit a felony where the evidence tended to show that, at the time a tenant left for work, neither the window nor the door pane was broken; defendant was found trying to unscrew a broken window; his hand was bleeding; he stated that he was trying to repair the window to his apartment because he had been unable to get maintenance personnel to do it, when in fact it was not his apartment and maintenance had not been called to make the repair; blood was found on the curtains inside the apartment; the tenant testified that she did not know defendant, had not given him permission to enter her apartment, and had not requested any window repairs; and in the absence of any proof or evidence of lawful intent, the jury could reasonably infer an intent to commit larceny from the unlawful entry.

**Am Jur 2d, Burglary § 45.**

3. **Criminal Law § 307 (NCI4th)— two break-ins in one apartment complex—consolidation proper**

The trial court did not err in consolidating for trial charges of felonious breaking of an apartment, felonious breaking and entering of another apartment in the same complex, and larceny, since the similarity in *modus operandi*, time, place, and motive was sufficient to justify joinder based on a series of acts or transactions connected together or constituting parts of a single plan or scheme. N.C.G.S. § 15A-926(a).

**Am Jur 2d, Burglary § 42.**

4. **Larceny § 7.1 (NCI3d)— guilt of earlier larceny—evidence of intent**

The evidence of defendant's guilt of an earlier larceny at an apartment was properly considered by the jury in determining whether defendant had the intent to commit larceny when he broke into a second apartment. N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence § 324.**

APPEAL by defendant from Judgments of *Judge W. Terry Sherrill* entered 5 April 1989 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 13 February 1990.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Grady Jessup, for defendant appellant.*

COZORT, Judge.

Defendant was tried by jury and found guilty of felonious breaking, felonious breaking and entering, and larceny. On appeal he challenges the sufficiency of the evidence to support the verdicts against him, the trial court's consolidation of the charges for trial, and other alleged errors. We find no error.

The evidence at trial tended to show the following: On 9 August 1988, Talitha Stoner and James Hayes resided at Apartment N-4 at the Middle Plantation Apartments. When Stoner returned from work on that day, she found that the apartment had been broken into and several items stolen, including a jewelry box, a television set, and a videocassette recorder. It appeared that entry was obtained through a window next to the back door, which led into the kitchen from a patio. The outer screen had been removed from the window, and the upper middle pane of the lower window sash had been cut or broken out. A Charlotte Police Crime Laboratory employee lifted several latent fingerprints, including three from the exterior wooden surface of the lower window sash and one from a piece of glass found on an ironing board located nearby. Those prints were later identified as belonging to defendant. Hayes testified that he recognized defendant as a resident of apartment N-2, "two doors down" from the Stoner-Hayes apartment.

STATE v. EVANS

[99 N.C. App. 88 (1990)]

On 16 August 1988, at 10:45 or 11:00 a.m., James Brody, a maintenance employee at the Middle Plantation Apartments, observed defendant on the patio and at a window located next to the back door of Apartment M-3, where Mary Lou Martis resided. When Brody asked what he was doing, defendant stated that he was trying to fix the window because he had been unable to get a maintenance man to do it and that he had cut his hand. Brody responded that he was the maintenance man and that he had not heard anything about a broken window. Brody then went to the office, where he told Lynn Lawrence, acting office manager, what he had observed. Lawrence called the police and then followed Brody to the apartment. When Brody and Lawrence arrived at Apartment M-3, defendant was still there, trying to unscrew the storm window. He stated again that he was trying to repair the window and that he lived in the apartment. Brody testified that the glass on the inside window had been broken and that defendant's hand was bleeding. Lawrence also observed that the bottom right panel to the back door had been broken out. Entry was apparently foiled because the back door was locked with a key-operated dead bolt and the window was locked with a screw-type lock system.

Upon being further questioned by Brody and Lawrence, defendant said he was leaving and walked off. He was later seen getting into a car which "fled through the parking lot and the trunk flew up on the car." Defendant was thereafter apprehended by the police and arrested.

The State's motion to consolidate the charges was granted. The trial court in turn denied defendant's motion to sever. At the close of the State's evidence, defendant renewed his motion to sever, which was denied. Defendant offered no testimony. The jury found defendant guilty as charged. Defendant was sentenced to a prison term of 24 years. Defendant appealed.

[1] Defendant first contends that the trial court erred in denying his motion to dismiss the charge of breaking and entering and larceny on the ground of insufficiency of the evidence. He argues that the State failed to produce substantial evidence of circumstances tending to show that defendant's fingerprints could have been impressed only at the time the crime was committed. We do not agree.

To withstand a motion for directed verdict in a case involving only fingerprint evidence as circumstantial evidence of defendant's

guilt, the State must come forward with substantial evidence that the fingerprint or prints could only have been impressed at the time the crime was committed. *State v. Scott*, 296 N.C. 519, 523, 251 S.E.2d 414, 417 (1979). What constitutes substantial evidence is a question of law for the court; what the evidence proves or fails to prove is a question for the jury to decide. *Id.* In the case below, the State introduced evidence that crime investigators located seven prints on a window through which the perpetrator had obtained unlawful entry into a private residence. Three prints were lifted on the exterior window sash, one was taken from the interior bottom sash, another from the interior window on the pane next to the pane that was broken out, and two prints were lifted from the piece of glass on the ironing board. The fingerprints located on the exterior sash belonged to defendant. Of the two on the interior surface of the window, one was of no value and one was identified as not defendant's. One of the prints on the piece of glass was of no value; the other was defendant's. Thus, the only fingerprints located on the exterior were defendant's, and, prior to the breaking and entering, that window had been covered with a window screen. That evidence, coupled with the fact that defendant's thumbprint was found on a piece of glass from the broken pane through which the perpetrator reached to unlock the window, was substantial evidence that the fingerprints were impressed contemporaneously with the break-in. Defendant's motion for directed verdict was properly denied.

[2] Defendant next challenges the sufficiency of the evidence to prove felonious breaking. He contends that the evidence was insufficient to prove that he had the intent to commit a felony at Apartment M-2. We do not agree. The State was required to prove that defendant broke into the apartment "with the intent to commit a felony therein, to wit: larceny" in violation of N.C. Gen. Stat. § 14-54(a) (1989). The evidence tended to show that, when the tenant left for work, neither the window nor the door pane was broken, that defendant was found trying to unscrew a broken window, that his hand was bleeding, and that he stated that he was trying to repair the window to his apartment because he had been unable to get maintenance personnel to do it, when in fact it was not his apartment and maintenance had not been called to make the repair. Blood was found on the curtains inside the apartment. The tenant testified that she did not know defendant, had not given him permission to enter her apartment, and had not requested

any window repairs. Therefore, there was substantial evidence that defendant committed the breaking. Whether he had the requisite intent to commit a larceny therein was a question for the jury to decide and could be inferred from defendant's conduct and the surrounding circumstances. *State v. Cochran*, 36 N.C. App. 143, 242 S.E.2d 896 (1978). In the absence of any proof or evidence of lawful intent, the jury could reasonably infer an intent to commit larceny from the unlawful entry. *Id.* And, for reasons stated later in this opinion, the jury could also infer defendant's intent from the fact of his guilt of the larceny at Apartment N-4. This assignment of error is overruled.

[3] Four of defendant's assignments of error challenge the trial court's rulings consolidating the two charges for trial and denying defendant's motions to sever. Defendant argues that consolidation was error because there was no transactional connection between the offenses, as required by statute, and because consolidation impermissibly allowed the jury to consider entirely circumstantial evidence of defendant's guilt of one offense to prove his guilt of the other. We find no error in the court's rulings.

Consolidation of criminal offenses for trial is controlled by N.C. Gen. Stat. § 15A-926, which provides that offenses may be joined only when "the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat. § 15A-926(a) (1989). It is not enough that the acts are of the same class of crime or offense if the requisite transactional connection is lacking. *State v. Greene*, 294 N.C. 418, 421, 241 S.E.2d 662, 664 (1978). In ruling on a motion to consolidate, the trial court must find a transactional connection between the offenses and, further, must determine that the defendant can receive a fair hearing on more than one charge at the same trial and that consolidation will not hinder or deprive the accused of his ability to present his defense. *Id.; State v. Silva*, 304 N.C. 122, 126, 282 S.E.2d 449, 452 (1981). In determining prejudice to the defendant, the question is whether the offenses are so separate in time and place and so distinct in circumstances as to render a consolidation unjust. *State v. Greene*, 294 N.C. at 423, 241 S.E.2d at 665. While a motion to consolidate charges is addressed to the sound discretion of the trial court, the determination of whether the offenses are transactionally related is a question of law fully reviewable on appeal. *State v. Corbett*, 309 N.C. 382,

387, 307 S.E.2d 139, 143-44 (1983) (quoting *State v. Silva*, 304 N.C. at 126, 282 S.E.2d at 452).

We find that the similarity in *modus operandi*, time, place, and motive was sufficient to justify joinder based on a series of acts or transactions connected together or constituting parts of a single plan or scheme. N.C. Gen. Stat. § 15A-926(a) (1989); *State v. Bracey*, 303 N.C. 112, 277 S.E.2d 390 (1981). As in *Bracey*, the trial court's finding of a transactional connection was based on a commonality of facts, not solely on commonality of crimes. Nor do we find that the offenses were so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial to defendant, or that the nature of the evidence was such that severance was necessary to promote a fair determination of defendant's guilt of each offense. *See* N.C. Gen. Stat. § 15A-927(b) (1989). There was, accordingly, no abuse of discretion in the trial court's rulings. These assignments of error are overruled.

[4] By his next three assignments of error, defendant contends that the trial court erred in allowing the jury to consider the fact of larceny at Apartment N-4, if the jury found defendant guilty of that offense, in determining whether defendant had felonious intent at Apartment M-2. In closing argument, the State argued that a finding of guilt of the earlier offense could be used to prove intent in the second offense. Defendant's objection was overruled. The trial court later instructed the jury in part as follows:

> The State had also alluded to the fact that with respect to intent, with respect to this incident, if you believe the evidence presented by the State with respect to the earlier offense, that is if you are convinced that Mr. Evans committed that earlier offense, the felonious breaking and entering of the Stoner and Hayes apartment, then you may consider that evidence to determine whether or not Mr. Evans had the intent to commit a felony, to commit the crime of larceny, once he was inside, that is had he obtained entry, into Ms. Martis' apartment. Mr. Maloney is correct in saying that you can consider that but only for that purpose.
>
> In other words, you cannot consider because if you find he was guilty of that earlier offense, you cannot consider that the mere fact that he was guilty of the earlier offense means he is guilty of the second offense. You can consider whether or not you believe that earlier offense occurred and whether

he is guilty of it in determining whether he had the intent that would be required—that you will be required to find in order to find him guilty of the second offense.

Defendant timely objected to the court's instruction.

We hold that evidence of defendant's guilt of the earlier larceny was properly considered by the jury in determining whether defendant had the intent to commit larceny when he broke into the second apartment. N.C. Gen. Stat. § 8C-1, Rule 404(b) (1989); *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954). Furthermore, we find no error in the trial court's comment that "Mr. Maloney is correct." The court was merely commenting on the law and did not express an opinion about the State's case.

We have considered defendant's remaining assignments of error and find them to be without merit.

We conclude that defendant received a fair trial, free of prejudicial error.

No error.

Judges WELLS and LEWIS concur.