STATE OF NORTH CAROLINA v. JAMES LEON KENDRICK

No. 7026SC425

(Filed 18 November 1970)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— testimony by accomplice — sufficiency of evidence for jury**

    The testimony of defendant's accomplice was sufficient to require submission to the jury of issues as to defendant's guilt of aiding and abetting in the crimes of felonious breaking or entering and felonious larceny.

2. **Criminal Law §§ 106, 112— instructions — sufficiency of testimony by accomplice to support guilty verdict**

    The trial court did not err in instructing the jury that it could return a verdict of guilty if it was satisfied beyond a reasonable doubt from the unsupported testimony of defendant's accomplice that defendant was guilty.

3. **Criminal Law § 9— aiding and abetting — instructions — felonious intent**

    In a prosecution for felonious breaking or entering which was submitted to the jury on the theory of aiding or abetting in the crime, the trial court erred in failing to require the jury to find that defendant shared in the felonious intent of the perpetrator in order to find defendant guilty of aiding or abetting in the breaking or entering.

4. **Criminal Law § 2— proof of "intent" — what jury may consider**

    Intent is a mental attitude which seldom can be proved by direct

evidence, but must ordinarily be proved by circumstances from which it can be inferred; in determining the presence or absence of this element the jury may consider the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense charged.

ON *certiorari* to review trial before *Falls, J.,* 27 October 1969 Session, MECKLENBURG Superior Court.

Defendant was charged with the offenses of felonious breaking or entering, and felonious larceny.

The State's evidence tended to show that during the early hours of the morning of 13 August 1969 the Oaklawn Super Market was broken into and a quantity of merchandise was stolen therefrom. Charges of felonious breaking or entering and felonious larceny were also lodged against Edson Beckham Mickles and Billy Frank Anderson. Kendrick, the defendant involved in this appeal, and Mickles were placed on trial together, and Anderson testified for the State. Kendrick and Mickles offered no evidence.

The testimony of Anderson tended to show that Mickles broke and entered the Oaklawn Super Market; that he, Anderson, also went in the building; that Kendrick was standing on the other side of the street; that Anderson and Mickles handed two bags of items taken from the store to Kendrick; and the three then went to an apartment nearby.

The jury found Kendrick and Mickles guilty as charged.

An appeal by Mickles is separately pending in this Court.

*Attorney General Morgan, by Staff Attorney Blackburn, for the State.*

*Hamel & Cannon, by Reginald S. Hamel, for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial court denied defendant's motions to dismiss. The testimony of Anderson, the accomplice, was sufficient for submission to the jury upon the issue of aiding or abetting; this assignment of error is overruled.

[2] Defendant assigns as error that the trial court instructed the jury that it could return a verdict of guilty if it was satisfied

beyond a reasonable doubt from the unsupported testimony of the accomplice that defendant was guilty. Defendant argues that the unsupported testimony of an accomplice should not support a verdict of guilty. Judge Falls instructed the jury in accordance with the rule of long standing in this state. See *State v. Terrell*, 256 N.C. 232, 123 S.E. 2d 469. This assignment of error is overruled.

[3] Defendant assigns as error that the trial court did not require the jury to find defendant knew of the felonious intent of the perpetrator, or had a felonious intent himself, before it could find him guilty of aiding or abetting in the felony.

There was no substantive evidence, either direct or circumstantial, which would tend to show a physical participation by Kendrick in the breaking or entering the building. The strongest inference that could be drawn from the evidence was that the defendant was standing across the street acting as a lookout. Clearly the evidence tended to show that Kendrick assisted in carrying away the stolen merchandise, but this was handed to him outside of the store by Anderson and Mickles.

Because of this state of the evidence the trial court undertook to submit the case against this appealing defendant (Kendrick) to the jury upon the theory of aiding or abetting in the breaking or entering. However, the instructions given to the jury failed to require a finding by the jury that the aider or abettor shared in the felonious intent of the perpetrator.

"To constitute one a principal in the second degree, he must not only be actually or constructively present when the crime is committed, but he must aid or abet the actual perpetrator in its commission. (Citations omitted.) A person aids or abets in the commission of a crime within the meaning of this rule when he shares in the criminal intent of the actual perpetrator (citations omitted), and renders assistance or encouragement to him in the perpetration of the crime. (Citations omitted.) While mere presence cannot constitute aiding and abetting in legal contemplation, a bystander does become a principal in the second degree by his presence at the time and place of a crime where he is present to the knowledge of the actual perpetrator for the purpose of assisting, if necessary, in the commission of the crime, and his presence and purpose do, in fact, encourage the actual perpetrator to commit the crime. (Citations omitted.)" *State v. Birchfield*, 235 N.C. 410, 70 S.E. 2d 5.

[4] Intent is a mental attitude which seldom can be proved by direct evidence, but must ordinarily be proved by circumstances from which it can be inferred. 2 Strong, N.C. Index 2d, Criminal Law, § 2, p. 481. And in determining the presence or absence of the element of intent the jury may consider the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense charged. *State v. Arnold,* 264 N.C. 348, 141 S.E. 2d 473.

For prejudicial error in the charge to the jury there must be a

New trial.

Judges BRITT and HEDRICK concur.