STATE OF NORTH CAROLINA v. WILLIE EDWARD HARLOW, JR.

No. 7212SC689

(Filed 25 October 1972)

1. **Burglary and Unlawful Breakings § 4— list of merchandise — admissibility on issue of intent**

   In a prosecution for felonious breaking and entering under G.S. 14-54(a), the trial court did not err in admitting an itemized list of merchandise allegedly found outside the building which defendants purportedly broke into, as such evidence was relevant on the issue of defendant's intent.

2. **Burglary and Unlawful Breakings § 5— sufficiency of evidence to withstand nonsuit**

   There was sufficient evidence to withstand defendant's motion for nonsuit in a prosecution under G.S. 14-54(a) for felonious breaking and entering where the evidence tended to show that defendant was apprehended inside a grocery store which had been locked and secured earlier, that a broken window was the only means of entry, and that police discovered items of merchandise near the window on the outside of the store.

3. **Criminal Law § 116— charge on failure of defendant to testify — no prejudicial error**

   The trial judge's statement in his charge to the jury that "defendants, as they have a right to do elected not to offer evidence, relying on the weakness or what they consider to be the weakness of the State's evidence," did not constitute prejudicial error since the charge, taken as a whole, did not give the jury the impression that defendant's failure to present evidence was to be taken against him.

APPEAL by defendant from *Clark, Judge,* 15 May 1972 Session of CUMBERLAND County Superior Court.

State v. Harlow

Defendant Harlow was charged in a three count indictment with (1) felonious breaking or entering, (2) felonious larceny, and (3) receiving stolen goods knowing them to have been stolen. Another defendant, Otis Lee Conyers, was charged in a similar bill of indictment and upon motion of the State, both cases were consolidated for trial. Defendant Harlow entered a plea of not guilty to the first two counts and the State took a *nolle prosequi* as to the third count.

At the trial the State introduced evidence which tended to show the following:

On the night of 18 and 19 January 1972, Vernon Horne, owner of Horne's Grocery, locked his store at about 11:30 p.m. At about 12:30 a.m. that night, Officer Gainey of the Fayetteville Police Department rode by the grocery and both the front door and window were closed and secure. At approximately 1:00 a.m. when Officer Gainey returned to the grocery in response to a call, he saw the figure of a man in the window. He went up to the window and caught the man by his coat, but the man pulled away and ran back in the building. The front window and screen had been broken out. After summoning assistance, Officer Gainey entered the grocery through the open window and apprehended defendant Harlow whom he found inside. Defendant Conyers was also apprehended inside by another officer. Another subject was seen running away from the store when Officer Gainey first drove up, but he eluded the officers.

Upon entering the store, the officers found certain items of merchandise and approximately $300 in cash lying on the floor. Officer Gainey found certain other items of merchandise (chewing gum, cigars, cigarettes, wine, etc.) stacked near the broken window on the outside of the store.

There was also testimony by Officer Riddle that he observed the same items of merchandise some 20-25 feet to the right of the broken window on the outside of the building and that the broken window was the only means of entry into the otherwise locked store. An itemized list of the merchandise found outside the store was made by Officer Riddle and was introduced into evidence at trial.

Defendant Harlow offered no evidence in his behalf.

The jury returned a verdict of "not guilty" as to the charge of larceny and a verdict of "guilty" as to the charge of feloni-

ous breaking or entering. From a suspended prison sentence of not less than three nor more than five years, defendant Harlow appealed.

*Attorney General Morgan, by Assistant Attorney General Denson, for the State.*

*Marion C. George, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant contends that the trial court erred in admitting into evidence State's Exhibit No. 1, an itemized list of merchandise allegedly found outside the building and in denying defendant's motion to strike all evidence concerning such items at the close of all the evidence.

In order to convict the defendant under G.S. 14-54(a) for felonious breaking or entering, it is incumbent upon the State to prove beyond a reasonable doubt that the defendant did break into or wrongfully enter the building "with intent to commit any felony or larceny therein." Also, "[a]s a general rule, evidence, to be admissible, must have some bearing on the issues involved. It must tend to prove or disprove some fact material to the cause of action alleged, or to the defense interposed." *Corum v. Comer,* 256 N.C. 252, 254, 123 S.E. 2d 473 (1962). Clearly the disputed evidence is relevant on the issue of whether the defendant possessed the requisite intent to steal, and the State has presented ample testimony connecting such evidence in time and place with the defendant who was apprehended inside the grocery.

Defendant next contends that the trial court erred in denying his motions to dismiss the charges of larceny and felonious breaking or entering. As to his motion directed to the charge of felonious breaking or entering, defendant argues that the State offered no evidence to prove the specific and limited intent to steal as required by statute to sustain a conviction. As to his motion directed to the larceny count, defendant contends its denial was prejudicial even though the jury found him "not guilty" since the submission of that offense to the jury without facts to support it inadvertently invited their minds to surmise and conjecture on the issue of intent to steal in the breaking or entering count. We find these exceptions also without merit.

[2]　Upon motion to nonsuit it is incumbent upon the trial court to consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence regardless of whether the evidence is direct, circumstantial, or both, and if there is evidence from which a jury could find that the offense charged has been committed and that the defendant committed it, the motion to dismiss should be overruled. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). Intent is a mental attitude and can seldom be proved by direct evidence and is most often proved by circumstances from which it can be inferred. *State v. Kendrick,* 9 N.C. App. 688, 177 S.E. 2d 345 (1970). Also in *State v. Smith,* 266 N.C. 747, 748-749, 147 S.E. 2d 165 (1966), it was stated: "Under G.S. 14-54, if a person breaks or enters one of the buildings described therein with intent to commit the crime of larceny, he does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent . . ." The State has offered proof that the defendant was apprehended inside a grocery which had been found locked and secure approximately 30 minutes earlier. A broken window, the only means of entry, was discovered by the police along with items of merchandise near the window on the outside of the store. We hold that there was sufficient evidence to withstand defendant's motions to dismiss, and the trial court committed no error.

Defendant also assigns as error the trial court's instructing the jury as if both defendants were charged in the same bill of indictment and in developing a conspiracy theory in his instruction which had not been alleged or proven by the State. If there was any error, it was cured by the trial court's instructions as to the elements of each of the crimes charged as they apply to each of the defendants.

[3]　Defendant further assigns as error the following statement made by the trial judge in his charge to the jury:

> "The defendants, as they have a right to do elected not to offer evidence, relying on the weakness or what they consider to be the weakness of the State's evidence."

Defendant argues that it is prejudicial error to point out the failure of a defendant to testify even if done in the qualified manner above. G.S. 8-54, in relevant part, reads as follows:

"In the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offenses or misdemeanors, the person so charged is, at his own request, but not otherwise, a competent witness, and his failure to make such a request shall not create any presumption against him."

Also, in *Griffin v. California*, 380 U.S. 609, 14 L.Ed. 2d 106, 85 S.Ct. 1229 (1965), a state constitutional provision allowing a court to comment on defendant's failure to testify was held unconstitutional.

In *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1968), an instruction similar to the one in the case at hand was upheld. The Court, speaking through Parker, C.J., stated:

"Reading the challenged instruction in the instant case in its entirety, it seems manifest that the jury must have clearly understood that defendant had a legal right to elect to testify or not to testify in his own behalf, and that he had a right to rely upon the weakness of the State's case. The trial judge in his conclusion of the challenged instruction made an infelicitous choice of words, but we think considering the instruction as a whole the jury could not have gotten the impression, as he contends, that the trial judge instructed the jury that the failure of defendant to testify in his own behalf was a fact to be considered against him." *Paige*, at p. 423.

While the trial judge in this case might have made an "infelicitous choice of words," nevertheless, considering the charge as a whole, he did not give the jury the impression that defendant's failure to present evidence was to be taken against him. This is borne out by the jury's failure to find him guilty of larceny. What is constitutionally condemned are "instructions by the court that such silence is evidence of guilt." *Griffin, supra*, at p. 615. The instruction complained of here cannot be so interpreted. While we do not approve of the challenged instruction as a model of clarity, we do not perceive in it prejudicial error sufficient to justify a new trial.

We have examined defendant's remaining assignments of error and find them equally without merit. In the trial and judgment appealed from we find

No error.

Judges CAMPBELL and PARKER concur.