STATE OF NORTH CAROLINA v. WILLIAM MACKIE LOWE

No. 7319SC785

(Filed 12 December 1973)

**Burglary and Unlawful Breakings § 5— accomplice testimony — sufficiency of evidence**

In a prosecution for breaking and entering and larceny, the trial court properly submitted the case to the jury where the evidence, consisting of the testimony of an accomplice and other witnesses, tended to show that defendant and an accomplice planned the crime, the accomplice broke into her grandmother's home and called defendant, defendant came to the house and pried open the victim's safe, defendant left to obtain a car, and when he returned, the accomplice took the money and a stereo out to the car and they drove off.

ON *certiorari* to review trial before *Wood, Judge,* 16 April 1973 Session of Superior Court held in CABARRUS County.

Defendant, William Mackie Lowe, was charged in a valid bill of indictment with felonious breaking and entering and felonious larceny of $400.00 and a stereo record player from the home of Mrs. Myrtle Wills in Kannapolis on 29 April 1972. He entered a plea of not guilty to both charges but was convicted by a jury. From a judgment imposing a prison sentence of ten years for felonious breaking and entering and not less than five nor more than ten years for felonious larceny to begin at the expiration of the breaking and entering sentence, the defendant filed notice of appeal. This Court subsequently granted petition for certiorari to perfect appeal.

*Attorney General Morgan, by Assistant Attorney General William F. Briley, for the State.*

*Larry E. Harris for defendant appellant.*

BALEY, Judge.

Defendant has assigned as error the failure of the trial court to grant his motion for nonsuit. It is clear that there is substantial evidence to justify submission of this case to the jury and to support its verdict.

The State's evidence included the testimony of Mrs. Teresa Tilley, the granddaughter of Mrs. Myrtle Wills, who testified

that she participated with defendant in the theft on 29 April 1972. She stated that she was unmarried at that time and had been dating defendant. Defendant told her that she would have to "come up with some money" to pay a bill he owed, and she said that her grandmother kept some money in the bathroom. Defendant then told her to help him steal the money or he would kill her. She went to her grandmother's house and entered by using a rock to break the glass in the front door. She telephoned defendant, and he came to the house, pried open the safe in the bathroom where Mrs. Wills kept her money, and emptied the money into some paper bags. Defendant then left to get a car, and when he returned Teresa Tilley took the bags of money and the stereo out to the car and they drove off. They went to a building owned by Rich Tilley, where they counted the money and placed it in two cookie cans, and then they resumed driving. After they had driven for some time they were stopped by police officers and arrested.

Defendant contends that Mrs. Tilley's testimony was incompetent since she was an accomplice in the crime, but this contention is without merit. The testimony of an accomplice is sufficient to sustain a conviction even when unsupported by other evidence. *State v. McNair,* 272 N.C. 130, 157 S.E. 2d 660; *State v. Terrell,* 256 N.C. 232, 123 S.E. 2d 469; *State v. Kendrick,* 9 N.C. App. 688, 177 S.E. 2d 345. Here, however, there was a great deal of evidence in addition to that of Mrs. Tilley. Mrs. J. W. Givens, a neighbor of Mrs. Wills, testified that she saw Teresa Tilley using a rock to break into Mrs. Wills' front door. She saw defendant going into the house and then coming out and returning with a car, and she saw Mrs. Tilley coming out of the house and getting into the car with her arms full. H. E. Tucker, a Kannapolis policeman, testified that he stopped defendant and Teresa Tilley and found a stereo and two cans full of money in their car. Mrs. Wills stated that when she came home from work during the morning of 29 April 1972, she found that her front door had been broken, her stereo was missing, and her safe had been broken open and the money removed.

Motion for nonsuit is properly denied when there is substantial evidence tending to prove the essential elements of the crime with which defendant is charged. *State v. Evans,* 279 N.C. 447, 183 S.E. 2d 540; *State v. Allred,* 279 N.C. 398, 183 S.E. 2d 553; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755.

Defendant has received a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.