State v. Keaton

From a verdict of guilty and judgment of imprisonment, defendant gave notice of appeal.

*Attorney General Edmisten, by Assistant Attorney General Donald A. Davis, for the State.*

*John J. Burney, Jr., for the defendant.*

---

STATE OF NORTH CAROLINA v. CHARLES BELTON KEATON

No. 7522SC341

(Filed 17 September 1975)

**Burglary and Unlawful Breakings § 5— breaking or entering with intent to commit larceny — sufficiency of evidence**

Evidence of defendant's intent to commit larceny was sufficient to withstand his motion for nonsuit on a felony charge of breaking or entering with the intent to commit larceny.

ON *writ of certiorari* to review proceedings before *McConnell, Judge.* Judgment entered 24 October 1974 in Superior Court, IREDELL County. Heard in the Court of Appeals 26 August 1975.

Defendant pled not guilty to charges of (1) breaking or entering with intent to commit larceny, and (2) assault inflicting serious injury.

For the State, Zelma Wilson testified that on June 11, 1974, she awoke about 6 o'clock in the morning to find a black male standing by her bed. He said, "Don't scream." When she attempted to jump from the bed on the opposite side, he jumped on her back. They struggled for about ten minutes. He stepped back and struck her about the face several times, then walked out. She immediately notified the police. She was hospitalized for two weeks for treatment of facial wounds and back sprain. Several weeks later she saw and identified the defendant as the perpetrator.

Officers found that a window screen had been removed.

Bloodhounds led the law officers to a playground near the Chambers' house located about three blocks from Zelma Wilson's home.

Defendant testified that he spent the night at the Chambers' house and remained in bed until he got up about 11 o'clock in the morning. His testimony was corroborated by several members of the household.

The jury found defendant guilty of both offenses as charged; and from concurrent sentences of imprisonment, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James L. Blackburn for the State.*

*Patricia E. King and Charles V. Bell for defendant appellant.*

CLARK, Judge.

The only question raised by the assignments of error is whether there was sufficient evidence of defendant's intent to commit larceny to withstand his motion for nonsuit on the felony charge of breaking or entering with the intent to commit larceny.

Where the defendant is charged with breaking or entering or with burglary, the intent to commit the charged felony may be found from the circumstances, usually from the acts of the defendant in the building after the entry. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967) ; *State v. Kendrick,* 9 N.C. App. 688, 177 S.E. 2d 345 (1970). However, as in this case, the acts of the defendant after entry often are limited because of apprehension, resistance, or other circumstances which cause an

abandonment of the intended crime; and where a male defendant enters a dwelling occupied by a female, the State has the difficult problem of specifying and proving the intended felony, usually the intent to steal or to commit some sex offense.

In *State v. Tippett, supra*, the indictment charged burglary with the intent to steal *and* with the intent to commit rape; and it was held that the evidence was sufficient to support a finding that at the time of the breaking or entering, the intruder had the intent to commit *one or both* of these felonies within the dwelling.

In *State v. Accor and Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970), two defendants, charged with burglary with intent to steal, were apprehended by the several occupants immediately after entry, and one of the two male defendants grabbed a female occupant, dragged her out of the house and to the back yard, then fled the scene when a neighbor turned on floodlights. In affirming the conviction the court quoted with approval 13 Am. Jur. 2d, Burglary, § 52, entitled "Intent," as follows: " . . . Numerous cases, however, hold that an unexplained breaking and entering into a dwelling house in the nighttime is in itself sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other felony. The fundamental theory, in the absence of either intent or explanation for breaking and entering, is that the usual object or purpose of burglarizing a dwelling at night is theft."

In this case, though the male defendant grabbed the female occupant as she attempted to get out of bed after discovering the defendant in her room, his reason for doing so is not known, and there is no evidence that he said or did anything to indicate an intent to commit rape, or that he said or did anything else tending to negate the intent to steal, which is the usual purpose for unlawful entry.

We hold that the evidence was sufficient for submission to the jury upon the charge of entering with intent to steal, and it was for the jury to determine, under all the circumstances, whether the defendant was guilty of that offense. We find

No error.

Judges MORRIS and VAUGHN concur.