STATE OF NORTH CAROLINA v. SEAN PETER COSTIGAN

No. 8010SC1043

(Filed 7 April 1981)

**Burglary and Unlawful Breakings § 5.5– feloniously breaking and entering – intent to commit larceny – sufficiency of evidence**

In a prosecution for felonious breaking and entering evidence with respect to defendant's intent to commit larceny was sufficient to be submitted to the jury where it tended to show that, after defendant had gained entry to a home by breaking the glass in the rear door, an occupant therein heard sounds of a kitchen drawer being opened, silverware being handled, and the drawer being closed; defendant then proceeded to climb the stairway leading to the bedrooms; and after being confronted by the occupant of the home, defendant fled.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 12 August 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 11 March 1981.

Defendant was indicted for violating N.C. Gen. Stat. §14-54(a) by feloniously breaking and entering the residence of Elizabeth Kelly with the intent to commit larceny therein. At trial, the State presented evidence through the testimony of Mrs. Kelly tending to show that Mrs. Kelly and her two sons lived in a single-family residence in Raleigh, North Carolina; that on the morning of 19 March 1980, her two sons went to school and Mrs. Kelly went to work at 8:00 or 8:30, after locking all the doors to her home; that Tony Long, an overnight guest,

State v. Costigan

was the only person present in her home when she left for work; that at 10:00 a.m. she received a telephone call from Mr. Long advising her that something had happened at her home; that she returned to the house immediately and found glass in the rear door of her home had been broken out and that nothing had been taken from her home; that the defendant had been a guest in her house on one occasion; and that she had not given the defendant permission to break the glass in the rear door. Tony Long testified that on the morning of 19 March 1980, he went back to sleep when Mrs. Kelly left for work; that sometime later the telephone rang, but he had not answered it; that soon thereafter the doorbell rang; that he got up and started to dress; that while he was dressing, he heard footsteps on the deck in the rear of the house, immediately followed by a knock on the rear door; that he then "heard the downstairs window in the kitchen being busted, and then I heard the person actually inside the house,"; that he heard a drawer in the kitchen being opened, the sound of silverware being handled, and the drawer being closed; that he picked up an empty bottle and waited for the intruder to come up the stairs; that as he heard the intruder approach, he jumped out at him and was face-to-face with the intruder; that the intruder turned and ran out of the house; and that he recognized the intruder as being the defendant, whom he had met several times previously. Mr. Long selected the defendant's picture from a photographic display a few days after the incident.

The defendant made a motion to dismiss at the close of the State's evidence, which was denied. The defendant did not present any evidence in his behalf.

The jury found the defendant guilty of felonious breaking and entering. From a judgment sentencing him to a prison term of six years, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General David Gordon, for the State.*

*William A. Smith, Jr., for the defendant-appellant.*

MARTIN (Robert M.), Judge.

By his appeal, defendant challenges the sufficiency of the evidence to justify submission to the jury of the issue of felonious breaking and entering in violation of N.C. Gen. Stat. §

14-54(a). More specifically, the defendant argues that the State failed to present sufficient evidence of an essential element of the crime as charged, i.e., an intent to commit larceny. We disagree.

N.C. Gen. Stat. § 14-54(a) makes it a crime to break or enter any building "with intent to commit ... larceny therein." An essential element of the crime is the specific intent to steal existing at the time of the breaking or entering. *State v. Hill*, 38 N.C. App. 75, 247 S.E. 2d 295 (1978). After examining the evidence in the record, considering it, as we must, in the light most favorable to the State, *State v. Murphy*, 280 N.C. 1, 184 S.E. 2d 845 (1971), we conclude that the State presented substantial evidence of defendant's intent to commit larceny in Mrs. Kelly's home, justifying submission of the case to the jury.

> Upon motion to nonsuit it is incumbent upon the trial court to consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence regardless of whether the evidence is direct, circumstantial, or both, and if there is evidence from which a jury could find that the offense charged has been committed and that the defendant committed it, the motion to dismiss should be overruled. *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968). Intent is a mental attitude and can seldom be proved by direct evidence and is most often proved by circumstances from which is can be inferred. *State v. Kendrick*, 9 N.C. App. 688, 177 S.E. 2d 345 (1970). Also in *State v. Smith*, 266 N.C. 747, 748-749, 147 S.E. 2d 165 (1966), it was stated: "Under G.S. 14-54, if a person breaks or enters one of the buildings described therein with intent to commit the crime of larceny, he does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent ..."

*State v. Harlow*, 16 N.C. App. 312, 315, 191 S.E. 2d 900, 902 (1972).

The State offered proof at trial that after the defendant had gained entry to the Kelly home by breaking the glass in the rear door, Mr. Long had heard the sounds of a drawer in the kitchen being opened, silverware being handled, and the drawer being closed. The defendant then had proceeded to climb the stairway leading to the bedrooms. After being confronted by Mr. Long,

the defendant had fled. In our opinion, this circumstantial evidence was sufficient to justify submission of the issue of defendant's intent to the jury. "The fact that the evidence is circumstantial does not make it insufficient." *State v. Hill, supra* at 79, 247 S.E. 2d at 297. The jury may infer the requisite specific intent to commit larceny at the time of the breaking or entering from "'the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense charged.' 4 Strong, N.C. Index 3d, Criminal Law, § 2, p. 34." *Id.*

After carefully examining the record on appeal, we conclude that the defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge MORRIS and Judge WHICHARD concur.