STATE OF NORTH CAROLINA
v.
TARGET SHONE HICKS, Defendant.
No. COA08-393
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Mary S. Mercer, for the State.
Leslie C. Rawls for defendant-appellant.
GEER, Judge.
Defendant Target Shone Hicks appeals from his conviction of felonious breaking and entering. In his sole argument on appeal, defendant contends that the State presented insufficient evidence that he broke and entered with the intent to commit larceny. We hold, however, that a jury could reasonably infer the required intent from all the circumstances, and the trial court, therefore, properly denied the motion to dismiss.

Facts
The State's evidence tended to show the following facts. On 31 January 2005, at approximately 4:50 a.m., Officer Fred McMurray of the Gastonia Police Department responded to a silent alarm at Fat Cats Oyster Bar & Grill ("the Grill"). Officer McMurray arrived at the Grill within 30 seconds of receiving the call. Finding nothing out of place on the front side of the building, he walked around to the Grill's outdoor patio, which is surrounded by a wooden privacy fence. At the back of the patio, a chain-link fence enclosed a "beach sand" area and a storage building. As Officer McMurray approached the gate of the chain-link fence, he noticed a broken padlock on the ground. Officer McMurray then entered the fenced-in area and discovered that a second padlock had been pried off the door to the storage building. Officer McMurray opened the door and surveyed the storage building. Standing to Officer McMurray's left was defendant holding a mallet. Officer McMurray ordered defendant to drop the mallet, and defendant complied. Officer McMurray then located another individual, Marshall Lancaster, hiding in the building. The officer ordered the two men out of the storage building and arrested them.
According to the owner of the Grill, the storage building contains supplies and equipment for the restaurant. The owner testified that the storage building and the fence surrounding the storage building are locked when the Grill is closed, that the Grill was closed at 4:50 a.m. on 31 January 2005, and that neither defendant had permission to be on the premises or in the locked storage building.
On 21 February 2005, defendant was indicted for felonious breaking and entering, possession of burglary tools, and attaining the status of habitual felon. He was tried jointly with co-defendant Lancaster. At trial, defendant did not offer any evidence. Lancaster, however, testified that he was familiar with the storage building and its contents because he had worked at the Grill for a short period of time. Lancaster claimed that he and defendant had been drinking that night and that he did not break into the storage unit to steal anything.
The jury found defendant guilty of felonious breaking and/or entering, but not guilty of possession of burglary tools. Defendant pled guilty to having attained the status of habitual felon. In accordance with the plea agreement, the trial court sentenced defendant to a mitigated-range sentence of 100 to 129 months imprisonment. On 29 August 2007, this Court allowed defendant's petition for writ of certiorari for purposes of reviewing the trial court's judgment.

Discussion
Defendant contends the trial court erred by denying his motion to dismiss the charge of breaking and entering. When this Court reviews a motion to dismiss, "we view `the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences.'" State v. Garcia, 174 N.C. App. 498, 502, 621 S.E.2d 292, 295 (2005) (quoting State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79, 126 S. Ct. 47 (2005)). If there is substantial evidence to support each essential element of the charged crime, then the trial court did not err in denying the motion to dismiss. Id. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).
The elements of felonious breaking and entering are: (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. See N.C. Gen. Stat. § 14-54(a) (2007); State v. Jones, 151 N.C. App. 317, 328, 566 S.E.2d 112, 119 (2002), appeal dismissed and disc. review denied, 356 N.C. 687, 578 S.E.2d 320, cert. denied, 540 U.S. 842, 157 L. Ed. 2d 76, 124 S. Ct. 111 (2003). Defendant does not contest the sufficiency of the evidence as to the breaking or entering, but contends there was insufficient evidence that he intended to commit larceny. Our Supreme Court has held that if the record presents no other explanation for a person's breaking into a building, intent may be inferred from the circumstances surrounding the occurrence. See State v. Myrick, 306 N.C. 110, 115, 291 S.E.2d 577, 580 (1982).
Here, the State presented evidence that the Grill was closed and the storage building was locked at 4:50 a.m. on 31 January 2005. After that time, police found padlocks pried off both the chain-link fence and the storage building. Defendant was caught inside the storage building holding a mallet, while his co-defendant was found hiding. The Grill owner's testimony established that defendant had no permission to be in the building, and the record does not suggest any explanation for defendant's presence in the previously locked building with a mallet apart from larceny. These circumstances were sufficient to permit the jury to infer defendant had broken into the storage building with the intent to commit larceny. See id. (finding evidence of intent to commit larceny sufficient when defendant knew restaurant kept receipts from the day under a counter, had helped manager lock up the night before, gave no explanation for breaking into restaurant, and did not allege that he had owner's consent to do so); State v. Costigan, 51 N.C. App. 442, 444-45, 276 S.E.2d 467, 468-69 (1981) (holding evidence of intent to commit larceny sufficient when defendant broke glass door, entered home, residents heard drawer being opened and silverware being handled, and defendant fled when confronted). Accordingly, the trial court properly denied defendant's motion to dismiss.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).