ARROWOOD, Judge.
 

 *491
 
 Malon Kysheef Griffin ("defendant") appeals from judgments entered on his convictions of felony assault inflicting serious bodily
 
 *255
 
 injury and felony breaking and entering with intent to terrorize or injure. For the reasons stated herein, we find no error.
 

 I.
 
 Background
 

 On 14 July 2014, a Beaufort County Grand Jury indicted defendant for felony assault inflicting serious bodily injury and felony breaking and entering. On 16 March 2015, a Beaufort County Grand Jury issued a superseding indictment for felony breaking and entering with intent to terrorize or injure. On 9 January 2018, this matter came on for trial in Beaufort County Superior Court, the Honorable Beecher R. Gray presiding. The State's evidence tended to show as follows.
 

 On 24 May 2014, defendant, a mixed martial arts fighter, opened the front door of Mr. Marcus Frank ("Mr. Frank" or "victim")'s home, and entered uninvited. Mr. Frank heard the door open, so he walked towards the front of the house to see who opened the door, and saw defendant. The two men exchanged words, in reference to an incident involving defendant's girlfriend.
 
 [1]
 
 Mr. Frank insisted he was not involved in the incident, but defendant did not believe Mr. Frank, and hit him in the face.
 

 *492
 
 The two men started fighting. Defendant threw Mr. Frank over a dog cage. Mr. Frank attempted to run to the kitchen, but could not get away from defendant, who was hitting, kneeing, and kicking his face, head, neck, torso, and limbs. Eventually, Mr. Frank was able to escape to the kitchen. He threw a wooden spoon at defendant, and defendant fled in a car driven by his girlfriend's stepfather.
 

 Mr. Frank contacted his girlfriend, Sherry Bailey ("Ms. Bailey"), who called 911. When law enforcement and medical personnel responded to the call, Mr. Frank recounted the attack to Officer Christopher Cordina of the Washington Police Department, identifying defendant as his attacker.
 

 Mr. Frank reported being unable to swallow, and was diagnosed with a concussion. He also had numerous lacerations, swelling and bruising on his face, and wounds on his knees and elbows. Ms. Bailey testified Mr. Frank "looked -- his face was deformed. He didn't look like himself, and he had -- where he had been, I guess maybe on the carpet where he had -- he had blood. Like it was to the white meat."
 

 Mr. Frank went to the police station, and Officer Cordina took photographs of his injuries. Mr. Frank then went to the emergency room. He testified he went to the hospital because:
 

 I was in pain, and it was -- it was like really bothering me. I had like a serious, serious bad headache, and that headache lasted me from like four days from the incident happened. And to this day, I'm still like getting like migraine headaches. I'm taking 800 ibuprofen, but it wears off and it come right back.
 

 At the close of the State's evidence, defendant moved to dismiss all charges. The motion was denied. Defendant presented evidence, and then renewed his motion to dismiss at the close of all evidence. The trial court denied the motion.
 

 On 10 January 2018, the jury found defendant guilty as charged. The trial court sentenced defendant to 16 to 29 months imprisonment for the felony assault inflicting serious bodily injury conviction, and ordered defendant pay $319.99 in restitution. Defendant was sentenced to a consecutive term of 8 to 19 months imprisonment for the felony breaking and entering conviction.
 

 Defendant appeals.
 

 *493
 
 II.
 
 Discussion
 

 Defendant argues on appeal that the trial court erred by denying his motion to dismiss both charges, felony assault inflicting serious bodily injury and felony breaking and entering with intent to terrorize or injure, for insufficient evidence.
 

 Our "Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the
 
 *256
 
 offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (citation and internal quotation marks omitted),
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed.2d 150
 
 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Smith
 
 ,
 
 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980) (citations omitted).
 

 "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994),
 
 cert. denied
 
 ,
 
 515 U.S. 1135
 
 ,
 
 115 S.Ct. 2565
 
 ,
 
 132 L.Ed.2d 818
 
 (1995).
 

 A.
 
 Felony Assault Inflicting Serious Bodily Injury
 

 Defendant argues the trial court erred by denying his motion to dismiss the felony assault inflicting serious bodily injury charge because there was insufficient evidence of a serious bodily injury.
 

 The elements of felony assault inflicting serious bodily injury are: "(1) an intentional assault on another person (2) resulting in serious bodily injury."
 
 State v. Williams
 
 ,
 
 154 N.C. App. 176
 
 , 180,
 
 571 S.E.2d 619
 
 , 622 (2002). Pursuant to
 
 N.C. Gen. Stat. § 14-32.4
 
 , "Serious bodily injury" is a "bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization."
 
 N.C. Gen. Stat. § 14-32.4
 
 (2017). "Our courts have defined serious injury as injury which is serious but falls short of causing death and have indicated that the element of serious bodily injury requires proof of more severe injury than the element
 
 *494
 
 of serious injury."
 
 Williams
 
 ,
 
 154 N.C. App. at 181
 
 ,
 
 571 S.E.2d at 622
 
 (citation and internal quotation marks omitted).
 

 In the light most favorable to the State, the victim suffered from difficulty swallowing, numerous lacerations, a concussion, and severe headaches as a result of the attack. The victim testified that the headaches continued at least through the time of trial, which occurred four years after the attack. Therefore, the headaches constitute a permanent or protracted condition that causes extreme pain. Accordingly, we hold the trial court did not err when it denied defendant's motion to dismiss the felony assault inflicting serious bodily injury charge.
 

 B.
 
 Felony Breaking and Entering
 

 Next, defendant argues the trial court erred by denying his motion to dismiss the breaking and entering charge because there was insufficient evidence of an intent to injure or terrorize the victim.
 

 Defendant was charged with
 
 N.C. Gen. Stat. § 14-54
 
 (a1) (2017). Pursuant to this statute, "[a]ny person who breaks or enters any building with intent to terrorize or injure an occupant of the building is guilty of a Class H felony."
 
 N.C. Gen. Stat. § 14-54
 
 (a1). There are no published cases specifically addressing the sufficiency of evidence of intent to terrorize or injure under
 
 N.C. Gen. Stat. § 14-54
 
 (a1). However, in an unpublished decision, our court held the "evidence was sufficient for the jury to answer the question of Defendant's intent to terrorize and injure" the victim where the defendant and two others "burst through the [victim's] door without knocking" and without permission, one of the individuals said "get her" while the defendant was on top of the victim, the victim was badly beaten without provocation, the victim's children witnessed the event and were crying hysterically, and, before the attack, one of the intruders told the victim's husband they were going to "get her[.]"
 
 State v.
 

 Walker
 
 , --- N.C. App. ----,
 
 801 S.E.2d 180
 
 ,
 
 2017 WL 2608057
 
 , at *4 (2017) (unpublished).
 
 [2]
 

 *257
 
 In reaching this decision, the Court emphasized that the intent to terrorize or injure must exist at the time of entry under
 
 N.C. Gen. Stat. § 14-54
 
 (a1).
 

 Id.
 

 at ----, 801 S.E.2d at ----,
 
 2017 WL 2608057
 
 , at *3 (citing
 
 State v. Ly
 
 ,
 
 189 N.C. App. 422
 
 , 430,
 
 658 S.E.2d 300
 
 , 306 (2008) ("An essential element of the crime is that the intent exist at the time of the breaking or entering." (citation and internal quotation marks omitted) );
 

 *495
 

 State v. Costigan
 
 ,
 
 51 N.C. App. 442
 
 , 444,
 
 276 S.E.2d 467
 
 , 468 (1981) ). "Intent is a mental attitude and can seldom be proved by direct evidence and is most often proved by circumstances from which it can be inferred."
 
 Costigan,
 

 51 N.C. App. at 444
 
 ,
 
 276 S.E.2d at 468
 
 (internal citations and quotation marks omitted). Thus, a defendant's intent at the time of the breaking and entering, "may be inferred from the acts he committed subsequent to his breaking or entering the building."
 
 State v. Bowden
 
 ,
 
 216 N.C. App. 275
 
 , 278,
 
 717 S.E.2d 230
 
 , 233 (2011) (citation and internal quotation marks omitted).
 

 Because our Court has not yet considered what constitutes "intent to terrorize or injure" under
 
 N.C. Gen. Stat. § 14-54
 
 (a1) in a published opinion, we look to other offenses with similar elements for guidance. In
 
 Walker
 
 , the court considered the definition of "terrorize" used for the purposes of kidnapping, noting " 'terrorize' has been repeatedly defined for the purposes of kidnapping as, more than just putting another in fear. It means putting that person in some high degree of fear, a state of intense fright or apprehension."
 
 Walker
 
 , --- N.C. App. at ----, 801 S.E.2d at ----,
 
 2017 WL 2608057
 
 , at *3 (citing
 
 State v. Surrett
 
 ,
 
 109 N.C. App. 344
 
 , 349,
 
 427 S.E.2d 124
 
 , 127 (1993) (internal citations and quotation marks omitted);
 
 State v. Watson
 
 ,
 
 169 N.C. App. 331
 
 , 337-38,
 
 610 S.E.2d 472
 
 , 477 (2005) (defining terrorize as "[t]o fill or overpower with terror; terrify" for the purposes of the felony stalking statute) ).
 

 Furthermore, although there are no decisions in North Carolina addressing the sufficiency of evidence of an implied intent to injure
 
 specifically
 
 in the context of
 
 N.C. Gen. Stat. § 14-54
 
 (a1), "our Supreme Court has held
 
 generally
 
 that ... constructive intent to injure exists where the actor's conduct 'is so reckless or so manifestly indifferent to the consequences, where the safety of life or limb is involved, as to justify a finding of [willfulness] and wantonness equivalent in spirit to an actual intent.' "
 
 Wilcox v. City of Asheville
 
 ,
 
 222 N.C. App. 285
 
 , 289,
 
 730 S.E.2d 226
 
 , 231 (2012) (citation omitted);
 
 see
 

 State v. Jordan
 
 ,
 
 59 N.C. App. 527
 
 , 529,
 
 296 S.E.2d 823
 
 , 825 (1982) (holding that, in the context of felonious burning of personal property, intent to injure the owner of the property could be inferred based on the "nature of the act and the manner in which it was done").
 

 Here, the State's evidence tends to show that defendant entered uninvited and did not announce himself. When Mr. Frank saw defendant, defendant began to argue with Mr. Frank because he believed Mr. Frank was involved in an incident with his girlfriend. Defendant, a mixed martial arts fighter, then proceeded to violently attack Mr. Frank. The jury could find these circumstances put the victim in a high degree of fear
 
 *496
 
 or that defendant acted so recklessly or manifestly indifferent to the consequences to the victim that there was constructive intent to injure. Therefore, we find these acts sufficient to support an inference that defendant entered the victim's home with the intent to terrorize or injure Mr. Frank, and we hold the trial court did not err by denying defendant's motion to dismiss the breaking and entering with the intent to terrorize or injure charge.
 

 III.
 
 Conclusion
 

 For the forgoing reasons, the trial court did not err.
 

 NO ERROR.
 

 Judges STROUD and TYSON concur.
 

 [1]
 

 Although the victim and his girlfriend testified there was an ongoing dispute between defendant's girlfriend and the victim, the cause of the dispute was never entered into evidence.
 

 [2]
 

 We address this unpublished and nonprecedential opinion only because it was cited and discussed in the State's brief.