STATE OF NORTH CAROLINA v. LAWRENCE FREEMAN

No. 7622SC313

(Filed 3 November 1976)

1. **Criminal Law § 92— two defendants tried for same crime — motion for separate trials properly denied**

    In a trial of defendant and another for the same armed robbery, the trial court did not abuse its discretion in denying defendant's motion for separate trials where there was no showing that defendant was denied a fair trial.

2. **Constitutional Law § 31; Criminal Law § 95— confession of codefendant — exclusion of part implicating defendant — admission of confession proper**

    In a trial of defendant and his companion for the same armed robbery, the trial court did not err in refusing to suppress the entire confession of defendant's companion, since the confession was modified to delete all parts which referred to or implicated defendant, and the rule of *Bruton v. U.S.*, 391 U.S. 123, was thereby complied with.

3. **Constitutional Law § 30— probable cause — arrest warrant properly issued — photographs taken of defendant — no constitutional rights violated**

    Probable cause existed for the issuance of an arrest warrant for defendant on the basis of a confession by a codefendant which implicated defendant, and the taking of photographs of defendant after his arrest did not violate defendant's constitutional rights.

4. **Constitutional Law § 30; Criminal Law § 66— in-court identification — no illegal arrest — identification properly allowed**

    Defendant's contention that an in-court identification of defendant by the victim of an armed robbery should have been excluded as the fruit of an illegal arrest is without merit, since the confession of a codefendant which implicated defendant in the crime was sufficient to constitute probable cause for issuance of the arrest warrant.

5. **Criminal Law § 102— district attorney's comment — instruction to disregard — no prejudice**

    Defendant who did not take the stand was not prejudiced by the district attorney's comment that, if defendant wanted ". . . to testify to his record, he can testify himself," since the trial court sustained defendant's objection and instructed the jury to disregard the comment.

APPEAL by defendant from *Wood, Judge.* Judgment entered 17 January 1974 in Superior Court, IREDELL County. Heard in the Court of Appeals 26 August 1976.

State v. Freeman

Lawrence Freeman and Lynn Carter Nichols, Jr. were indicted and tried together for armed robbery. The State offered evidence tending to show that on the night of 6 December 1973 R. W. Maddrey was employed at Eddie's Grocery in Mooresville. At 11:30 that night defendants came into the store and brought some groceries to the counter. As Maddrey was ringing up the groceries on the cash register, Freeman produced a shotgun and demanded the money in the cash register. Maddrey allowed them to take the money, and they then left the store.

Before Maddrey was allowed to identify Freeman and Nichols as the robbers, a *voir dire* hearing was held to determine the admissibility of his identification testimony. During this hearing the State offered evidence tending to show that about an hour after the robbery Maddrey observed a lineup of six people, including Nichols but not Freeman, and he identified Nichols as one of the robbers. On the morning of 7 December 1973, after being advised of his constitutional rights, Nichols confessed that he and Freeman had robbed Eddie's Grocery. On the basis of this confession, police officers obtained a warrant for Freeman's arrest, and he was arrested the next day and photographed. On December 10 Maddrey was shown a group of six photographs, and he correctly identified Nichols and Freeman as the robbers. The court held Maddrey's identification testimony admissible.

During the course of the joint trial, the State attempted to introduce a confession by Nichols which implicated Freeman. The court, over defendant Freeman's objection, permitted Nichols' statement to be entered into evidence in a modified form which supposedly deleted any reference to defendant Freeman.

Defendants offered no evidence. The jury found Freeman guilty and a prison sentence was imposed. The verdict and judgment as to Nichols do not appear in the record. Freeman appealed.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*McElwee, Hall & McElwee, by E. Bedford Cannon, for defendant.*

MARTIN, Judge.

In defendant's first assignment of error, he contends that the failure of the trial judge to grant his motion for separate trials or in the alternative to suppress the use of co-defendant Nichols' statement, constituted reversible error.

[1]   In regards to defendant's first argument concerning separate trials, we do not feel that the trial judge committed reversible error by refusing to grant the defendant's motion for separate trials. The question as to whether there should be a joint or separate trial when defendants are jointly indicted is within the sound discretion of the trial court. This discretion, absent a showing that the movant was denied a fair trial, cannot be disturbed on appeal. See *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968). There is no evidence that the trial judge abused this discretion in the present case and his refusal to grant a motion for a separate trial was therefore proper.

[2]   As an alternative argument in his first assignment of error, defendant contends that the trial judge erred by refusing to suppress from the evidence the entire confession by co-defendant Nichols. The applicable federal law on this point is *Bruton v. United States,* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968). In its application of the *Bruton* decision, the North Carolina Supreme Court has stated:

" . . . in joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant." *State v. Fox, supra* at 291, 163 S.E. 2d at 502.

In the instant case, the record reveals that the trial judge properly admitted the confession only after modifying it as required by the *Fox* decision. The actual confession, as given by Nichols, reads as follows:

"Me and Lawrence I don't know his last name, he is Bill's half brother, were riding around in Lawrence's car, a '66 or '67 Pontiac gray station wagon. We went to Eddie's Grocery. Lawrence had a shotgun. We parked beside the store. We both went inside and demanded the money. We picked up Bill Alexander at Mooresville Drug. We went toward Coddle Creek and had a flat tire. Me and Bill went through the woods. Lawrence stayed with the car. We went

---

---

to James Reid's house to get him to take us to Bill's house. We took the shotgun and rifle and asked him to keep them for us. Shortly after we left the police got behind us. I threw the money out of the car. Then the police stopped us."

At trial, the record reveals that the solicitor and the defendant's attorney rephrased Nichols' statement and it was admitted into evidence before the jury as follows:

"Me and two other guys were riding around in a car. We went to Eddie's Grocery; we had a shotgun; we parked beside the store—I and one of the other guys went in the store and demanded the money; then we went toward Coddle Creek and had a flat tire. Then I and one of the men went through the woods; the other guy remained with his car. I and the other man went to James Reid's house to get him to take us home; we took the shotgun and a rifle and asked Reid to keep them for us. Shortly after the police got behind us and I threw the money out of the car; then the police stopped us."

In reviewing the above portions of the trial record, it is apparent to this Court that the trial judge admitted Nichols' statement only after modifying it in accordance with the *Fox* decision. He admitted the extrajudicial confession only after deleting all parts that referred to or implicated the defendant. It is manifest that the statement admitted into evidence did not tend to incriminate the defendant Freeman. The statement merely indicated that Nichols had an accomplice and it in no way indicated the identity of that accomplice. Defendant's right to confrontation was therefore not infringed and the trial judge did not err in admitting the modified confession.

Defendant's first assignment of error is therefore overruled.

Defendant's second assignment of error is without merit and is overruled.

[3] By his third assignment of error defendant contends the court erred in failing to make findings of fact and conclusions of law concerning the constitutionality of defendant Freeman's arrest. He contends that his arrest was illegal because it was based solely on Nichols' confession, and Nichols' confession was not sufficient to furnish probable cause for an arrest. He fur-

ther argues that the photo identification of himself was tainted because the photos were obtained as a result of his unconstitutional arrest. Defendant cites *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970).

*Accor* is distinguishable. In that case photographs by which defendants were identified were held inadmissible on the ground that they were taken in violation of defendants' Fourth and Fourteenth Amendment rights. The defendants were picked up and brought to the police station without a warrant and without probable cause. The evidence was silent as to the circumstances under which defendants were picked up and there was no evidence that either defendant voluntarily accompanied the officers. The defendants were photographed prior to the issuance of warrants for their arrest, and at the time the photographs were taken there was no evidence to support a finding of probable cause of defendants' guilt. There was no evidence that one defendant consented to the taking of his photograph, and the evidence was insufficient to show that the other defendant voluntarily and understandingly consented to the taking of his photograph.

In the instant case a warrant was issued for Freeman's arrest prior to the taking of any photographs. In addition, probable cause for the issuance of the warrant existed. The basis upon which the warrant was issued was the statement of the defendant Nichols, indicating Freeman's participation. These facts amount to sufficient probable cause and defendant's constitutional rights were not violated.

Defendant's third assignment of error is therefore overruled.

Defendant's fourth assignment of error is without merit and is overruled.

[4] By his fifth assignment of error defendant contends that the court should have excluded Maddrey's in-court identification of him as one of the robbers, because the identification was the fruit of an illegal arrest. Defendant contends that his arrest was illegal because there was no probable cause to believe that he had taken part in the robbery and that Nichols' confession could not furnish probable cause for defendant's arrest because there was no evidence that he was a reliable informant, and because he had previously denied that he had been involved in the robbery.

It is clear that:

"The Fourth Amendment requirement that no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the persons or things to be seized, applies to arrest warrants as well as to search warrants. The judicial officer issuing such warrant must be supplied with sufficient information to support an independent judgment that there is probable cause for issuing the arrest warrant." (Citation omitted.) *State v. Harvey,* 281 N.C. 1, 6, 187 S.E. 2d 706, 710 (1972).

We hold that the information furnished by Nichols to Officer Barger upon whose complaint the arrest warrant was issued, was sufficient information to authorize Officer Barger to make the complaint and to authorize the magistrate to issue the warrant. This assignment of error is overruled.

[5] Defendant contends the district attorney's comment concerning the ability of the defendant Freeman to testify in his own behalf constituted prejudicial error.

In cross-examining one of the State's witnesses, counsel for Nichols asked him if he knew that Nichols had no criminal record. The district attorney objected and stated, "If he wants to testify to his record, he can testify himself." The court sustained the objection and instructed the jury to disregard the district attorney's comment. We think the court's instruction was adequate. This assignment of error is overruled.

We have carefully considered defendant's remaining assignments of error and have found them to be without merit. The defendant had a fair trial free of prejudicial error.

No error.

Judges BRITT and HEDRICK concur.