STATE OF NORTH CAROLINA v. REGINALD JOHNSON

No. 8426SC127

(Filed 6 November 1984)

**Criminal Law §§ 74.3, 92.1— admission of confessions by nontestifying codefendants—right of confrontation—consolidated trial**

> Defendant's right of confrontation was not violated by the admission of a nontestifying codefendant's sanitized confession where all explicit references to defendant were omitted and only oblique references to an unknown "he" remained, and where there were no circumstances which would allow the jury readily to infer that defendant was implicitly incriminated by the codefendant's statements. Defendant waived his right to protest the admissibility of a second codefendant's sanitized confession by failing to object thereto at the trial. Therefore, defendant was not deprived of his right to a fair trial by the consolidation of defendant's trial with that of his two codefendants because the codefendants had made confessions which incriminated him.

APPEAL by defendant from *Allen (C. Walter), Judge.* Judgment entered 26 July 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1984.

Defendant and two others were indicted 11 April 1983 for felonious breaking and entering in violation of G.S. 14-54(a). Prior to trial, the State's motion for the joinder of all defendants was granted pursuant to G.S. 15A-926. Defendant was found guilty and sentenced to a term of five years imprisonment.

The State's evidence tends to show that Reginald Johnson (defendant), Ricky Crawford (Crawford) and Reginald Robert Johnson (R. R. Johnson) participated in the breaking and entering of a Charlotte residence. On the morning of 22 December 1982, Charlotte Police Officer M. D. DeLuca responded to a burglar alarm at the home of Lula Hargett. As he approached the rear of the house, Officer DeLuca saw that a windowpane had been removed, a rear porch door was ajar and that a second door leading from the porch into the kitchen was open. The officer radioed for assistance, heard muffled voices within the house and started to enter. As he did so, defendant, wearing white tube socks over his hands, came out of the kitchen towards him. Defendant was immediately arrested.

After two other officers arrived at the scene, Crawford entered the kitchen, scuffled with Officer E. R. Green, and was also arrested.

The officers secured the suspects and searched the rest of the house. They discovered open dresser drawers from which clothing had been pulled and tossed to the floor. In the den they found an open gun cabinet, an air rifle propped on a chair and a stereo console pulled away from a wall. The owner testified that these conditions were not as she had left them nor had she given defendants permission to enter the house.

The State tendered a pretrial motion to consolidate the trials of defendant, Crawford and R. R. Johnson, a third man suspected of being the lookout for defendant and Crawford. Defendant protested on the grounds that both codefendants had made statements allegedly incriminating him. The Court, however, approved of efforts to remove all references to defendant within the statements and granted the State's motion for joinder.

At trial, neither of defendant's codefendants testified, yet versions of their post-arrest statements were introduced. R. R. Johnson signed the following statement which was admitted without objection:

> I was lookout man when the pink house on Belvedere Avenue was broken into. I did not go into the house. I yelled into the house when the police came up the driveway. Then I ran into the woods. Officer Cessena is writing this for me.

Later, defendant did object to the introduction of codefendant Crawford's statement. The trial court overruled the objection but did instruct the jury that Crawford's statement was not applicable to either defendant or R. R. Johnson and had no bearing on the guilt or innocence of either. Crawford's statement included the following pertinent material:

> He told me that he had been looking around that big house and that he thought they could get a lot out of it. He also said the house had signs about a burglar alarm but he didn't think they worked. I left and I didn't think any more about it until about 9:00 when I was walking down The Plaza and went to the house I had been told about. It was a big pink house in that rich section on The Plaza. Anyway, when I got to the house, I rang the doorbell and no one was home, so a window was taken off by the door. . . .

Defendant presented no evidence, was found guilty and now appeals.

*Attorney General Edmisten, by Isham B. Hudson, Jr., Special Deputy Attorney General, for the State.*

*Grant Smithson, for defendant appellant.*

VAUGHN, Chief Judge.

The sole question presented on appeal is whether defendant was deprived of his right to a fair trial by the joinder of two co-defendants and the subsequent admission of edited extrajudicial statements made by nontestifying codefendants Crawford and R. R. Johnson. Defendant claims that the statements incriminated him and were thereby admitted in violation of his right of cross examination as guaranteed by the Sixth Amendment's Confrontation Clause.

Generally, it is within the sound discretion of the trial court whether multiple defendants, jointly indicted, should be tried jointly or separately. Absent a showing that a defendant was denied a fair trial, the Court's exercise of discretion will not be disturbed on appeal. *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968); *State v. Freeman*, 31 N.C. App. 335, 229 S.E. 2d 238 (1976); *see* G.S. 15A-926 and G.S. 15A-927. It is accepted, however, that prejudicial error may be created by the admission of incriminating statements, competent against a nontestifying declarant but inadmissible against a codefendant referred to therein. As noted in the seminal case of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476 (1968), "[a] jury cannot 'segregate evidence into separate intellectual boxes.' . . . It cannot determine that a confession is true insofar as it admits that A has committed criminal acts with B and at the same time effectively ignore the inevitable conclusion that B has committed those same criminal acts with A." *Id.* at 131 (*quoting People v. Aranda*, 63 Cal. 2d 518, 529, 407 P. 2d 265, 272 (1965). As a result, instructions to the jury that a confession or statement is admissible only against the declarant, however clear, are an ineffective substitute for a defendant's constitutional right of confrontation. "The effect is the same as if there had been no [limiting] instruction at all." *Id.* at 137. All extrajudicial confessions must therefore be excluded from joint trials unless all incriminating references to defend-

ants other than the declarant can be deleted without prejudice to both the State and the declarant. *Fox, supra.* As subsequently codified at G.S. 15A-927(c)(1), the rule is as follows:

> (1) When a defendant objects to joinder of charges against two or more defendants for trial because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court must require the prosecutor to select one of the following courses:
>
> a. A joint trial at which the statement is not admitted into evidence; or
>
> b. A joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted so that the statement will not prejudice him; or
>
> c. A separate trial of the objecting defendant.

Defendant contends that the statement of codefendant Crawford incriminates him. It is "[t]he *sine qua non* for [the] application of *Bruton* [and *Fox*] . . . that the party claiming incrimination without confrontation at least be incriminated." *State v. Jones,* 280 N.C. 322, 340, 185 S.E. 2d 858, 869 (1972). We disagree with defendant and find that the State adequately "sanitized" Crawford's statement. All explicit references to defendant were omitted and only oblique references to an unknown "he" remained. A statement may indicate that the declarant had an accomplice so long as the identity of that accomplice is in no way indicated. *Freeman, supra.* Nor do we find this to be a case where general references to unnamed third persons invite the jury to improperly infer that the declarant's codefendants were the subjects of his statement. For example, in *State v. Gonzalez,* 311 N.C. 80, 316 S.E. 2d 229 (1984), our Supreme Court held that the admission of a nontestifying codefendant's sanitized statement inferentially and impermissibly implicated his two codefendants. When apprehended as a robbery suspect, the declarant asserted that "I told him I was with some guys, but that I didn't rob anyone, they did." *Id.* at 92, 316 S.E. 2d at 236. The *Gonzalez* Court held that the statement "clearly implicated" the petitioner because two codefendants were being tried jointly with the declarant and because only two persons were seen at the time and

place of the robbery. *Id.* at 94, 316 S.E. 2d at 237. *Gonzalez* therefore suggests that the proper rule in North Carolina requires an analysis of both the content and context in which a statement is reported to the jury. *Bruton* must be satisfied regardless of whether a statement is inculpatory standing alone. *Accord, U.S. v. DiGilio,* 538 F. 2d 972, 983 (3d Cir. 1976), *cert. denied sub nom. Lupo v. U.S.,* 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed. 2d 749 (1977); *contra, U.S. v. Slocum,* 695 F. 2d 650, 655-56 (2d Cir. 1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed. 2d 487 (1983). *See also State v. Porter,* 303 N.C. 680, 695, 281 S.E. 2d 377, 387 (1981).

In the present case defendant asserts that Crawford's statement, coupled with evidence of defendant's presence inside the victim's residence, persuaded the jury to assume that defendant entered the house with felonious intent. We cannot agree. There are no circumstances which would allow the jury to readily infer that defendant was implicitly incriminated by Crawford's admission. First of all, the statement never states that "he" entered the house or actually participated in the burglary. Moreover, "he" obviously refers to a single person and Crawford was indicted and tried with two others. Assuming *arguendo,* that the jury believed "he" referred to one of Crawford's codefendants, there is nothing within the statement itself nor contained within other evidence presented that would suggest which, if any, codefendant may have been prejudiced.

Finally, any potential error was rendered harmless by the introduction of independent evidence which clearly established defendant's criminal intent. *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972). Defendant was not given permission to enter the house. Entrance was gained by the breaking of a window and several objects of value were disturbed within. Defendant was apprehended inside the house with a pair of tube socks over his hands. Defendant's criminal intent may clearly be inferred from these circumstances. *State v. Oakley,* 210 N.C. 206, 186 S.E. 244 (1936); *State v. Hill,* 38 N.C. App. 75, 247 S.E. 2d 295 (1978).

Defendant argues that he was similarly implicated by the out-of-court statement of codefendant R. R. Johnson. Defendant did not, however, object to the admission of this sanitized confession during the trial. It is elementary that the admission of in-

competent evidence is no basis for a new trial where there was no objection at the time the evidence was presented. *State v. Williams*, 274 N.C. 328, 163 S.E. 2d 353 (1968). "An assertion . . . by the appellant that evidence, to the introduction of which he interposed no objection, was obtained in violation of his rights under the Constitution of the United States, or under the Constitution of this State, does not prevent the operation of this rule." *State v. Mitchell*, 276 N.C. 404, 410, 172 S.E. 2d 527, 530 (1970). The record reveals that defendant was aware of the State's intent to introduce the confessions and of the proposed sanitized versions at the State's pretrial motion for consolidation. We believe defendant had more than adequate notice of both proposed statements. By failing to object to the first, defendant effectively waived the right to protest its alleged inadmissibility. *See, e.g., Gonzalez, supra* (waiver by failing to object held invalid in view of insufficient notice before introduction at trial).

Defendant has failed to show that he was prejudiced by the joinder of codefendants Crawford and R. R. Johnson. The trial court's exercise of discretion will therefore not be disturbed on appeal.

No error.

Judges WHICHARD and JOHNSON concur.